Margaret Hild, by Henry Snakenberg, Guardian, v. John Hild, and Others, Appellants.

Deeds: presumption as to delivery. A presumption of delivery
1　arises from the fact that a deed was given to one of the grantees and was retained by him for two years and until his death; and it cannot be overcome except by clear evidence that delivery was not intended.

Partition of homestead. A homestead, which is not liable for the
2　debts of a deceased owner, may be partitioned prior to a settlement of his estate.

*Appeal from Keokuk District Court.*— Hon. W. G. Clements, Judge.

Tuesday, February 13, 1906.

ACTION in partition. From the decree rendered, the defendants appeal.— *Affirmed.*

*F. L. Goeldner,* for appellants.

*Stockman & Hamilton,* for appellee.

PER CURIAM.— The title to forty acres of the land in controversy was formerly in one Nicholas Besser. Nicholas Hild and his wife were in possession of the property when the husband died intestate June 26, 1904. It now appears that on May 5, 1902, Besser executed a conveyance of the land to Nicholas Hild and Margaret Hild jointly and for some reason placed it in the possession of Nicholas Hild. Thereafter, on May 14, 1902, Besser executed another conveyance of the same property to Nicholas Hild individually but did not take up or resume possession of the one first made. The controversy in this proceeding is whether the title passed by the first or second conveyance here mentioned.

It is the contention of appellants that the first deed was never delivered as such, but was taken by Hild for examination, and, not being satisfied to except it in that form, the second deed was made and duly delivered. The plaintiff's claim is upon the theory that the first deed was duly delivered and that a subsequent change of the grantor's mind or a delivery of the new conveyance could not have the effect to eliminate the vested right of Margaret Hild as a grantee. It will be observed that the question here raised turns entirely upon the fact whether there was any delivery of the first deed. It is true that the mere fact that the instrument passed into the hands of Nicholas Hild is not of itself sufficient to constitute a delivery, but the fact that it was placed in his possession and remained there until his death two years later carries with it a very strong presumption of delivery, a presumption which could be overcome only upon a clear and satisfactory showing that no delivery was intended by

the parties.   The trial court, having the witnesses before it, found for the plaintiff, and from an examination of the record we are inclined to coincide with that conclusion. There is nothing in the testimony calling for any special discussion by this court.

It is next urged that a partition of the real estate cannot be had until the debts of the estate are paid.   It appears from the record that the tract in question is a homestead, and so far as shown it is not and cannot be liable for the debts of the deceased.   We see, therefore, no reason why partition should be delayed for a settlement of the estate.

The decree of the district court is — *Affirmed.*