## McLARREN v. McLARREN.

---

EQUITY; FINDINGS OF FACT BY THE COURT; DIVORCE; APPEAL AND ERROR; PREJUDICIAL ERROR.

1. Where an equity cause is tried in open court with full opportunity on the part of the trial justice to observe the demeanor of witnesses and to judge of their veracity, his findings on questions of fact have much the same sanctity as the verdict of a jury, and will not be disturbed on appeal unless a mistake of judgment is so apparent as to demand a reversal.

2. In a divorce suit, it is only where the corespondent is available, or can be identified and located with reasonable certainty, that it is necessary to issue process against him, or to serve him with process by publication as required by sec. 983, Code D. C. (31 Stat. at L. 1347, chap. 854.)

3. Where in a divorce suit after the trial court had restricted the plaintiff to proof of a specific charge of adultery, the defendant on direct and cross-examination denied having committed other acts of adultery, whereupon the court permitted the plaintiff in rebuttal to introduce evidence of such other acts, it was *held* that the action of the court in so doing did not constitute prejudicial error, in view of the fact that the evidence fully supported the specific charge.

No. 2917.   Submitted April 5, 1916.   Decided May 1, 1916.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, in a suit for divorce.                *Affirmed.*

The facts are stated in the opinion.

*Mr. Victor H. Wallace* and *Mr. Percy Metzger* for the appellant.

*Mr. W. A. Coombe* and *Mr. Irving Williamson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a suit in equity brought by appellee, Edmund W. Mc-Larren, in the supreme court of the District of Columbia to secure an absolute divorce from appellant, Delphine E., his wife. From a decree in plaintiff's favor, defendant wife has appealed.

The appeal presents no question of fact of sufficient importance as a precedent to justify an extended review of the evidence. It was tried in open court, with full opportunity in the trial justice to observe the demeanor of witnesses and to judge of their veracity. In such cases the finding of the trial justice on questions of fact has much the same sanctity as the verdict of a jury, and will not be disturbed on appeal unless a mistake of judgment is so apparent as to demand a reversal. The conclusion of the court below is in full accord with the evidence. Indeed, the record is such that if we were passing upon the issues of fact, unaided by the presumptions in favor of the decree, we would have no hesitation in reaching the same conclusion.

Two questions of law are urged by counsel for defendant as grounds for reversal. It is insisted that error was committed in not requiring plaintiff by proper process to make one King a defendant. Section 983, D. C. Code [31 Stat. at L. 1347, chap. 854], provides that "in all divorce cases where adultery is charged, the person or persons with whom the adultery is charged to have been committed shall be made defendant or

defendants and brought in by personal service of process or by publication as in other cases."

Plaintiff averred in his bill that defendant had "adulterous relations with a man whose true name and place of residence are to plaintiff unknown, and plaintiff charges the fact to be that defendant, Delphine E. McLarren, did, on or about the time mentioned, commit an act or acts of adultery with the unknown party mentioned at Atlantic City, in the state of New Jersey, at a hotel known as the Hotel New Belmont. Plaintiff further alleges, avers, and so believes, that the defendant, Delphine E. McLarren, committed adultery at various times and places in the years 1911, 1912, 1913, and 1914, with divers other men unknown to plaintiff." The evidence discloses that the person alleged to have had adulterous relations with defendant registered at the hotel in Atlantic City on the occasion set forth in the bill under the name of J. A. King. On the evidence adduced, the court below found "that the person using the name of J. A. King, and who is mentioned in said petition, is a person whose identity cannot now be established, and that he cannot be reached by service or publication so that no purpose would be served by making him a defendant herein."

Undoubtedly, where the corespondent is available, or can be identified and located with reasonable certainty, the statute requires that he be made a party defendant and summoned as such. But, if the contention of counsel for defendant be carried to its logical conclusion, it would result in a miscarriage and failure of justice in any case where the corespondent could not be located or identified. It is easy to conceive of a case where the name of the party, real or fictitious, could not be ascertained, yet the proof of the fact be conclusive. The statute does not tie the hands of the court in such a case. Of course, in the present case, summons could have been issued and publication made against this fictitious person. But the law does not require a vain thing; neither does the statute demand such a useless and technical compliance with its terms. The fictitious name registered at the hotel furnished no clew to the identity of the real

party, and only came into the case as an incident in connection with the location of defendant and her paramour in a certain room in the hotel. The record supports the finding of the court, and, in the absence of strong proof to the contrary, the presumptions in favor of such a ruling would be regarded as conclusive.

Error is assigned on the admission of proof of other acts of adultery by defendant. In the presentation of plaintiff's case in chief, counsel offered proof of such acts. On objection, the court ruled that plaintiff should either amend his bill or confine his case to the Atlantic City transaction. Counsel adopted the latter course. When defendant was giving her testimony in chief, in response to questions of her counsel, she testified that "she was not found at this hotel in a room with J. A. King by the detectives, and did not commit adultery there with him or any other person. Has never committed adultery with any other person. Has never had improper relations with any other men as charged in the bill of complaint." On cross-examination she was questioned as to instances other than the one at Atlantic City with other men, and, upon denial, rebutting evidence was introduced tending to prove the acts of adultery pointed out in her cross-examination. To this evidence counsel for defendant reserved an exception.

It is unnecessary to consider this exception, for had this evidence been eliminated there still remains abundant proof to sustain the decree. Hence, in no event could its admission in this case constitute reversible error.

The decree is affirmed, without costs. *Affirmed.*