## MYERS v. MYERS et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1925. Decided March 2, 1925.)

### No. 4160.

**I. Divorce ⊛222—Allowance of wife's attorney's fees by supplemental decree after granting of divorce to husband held proper.**

Where court, on granting husband divorce on grounds of adultery, and holding similar charges by wife unfounded, reserved for further consideration matter of defendant wife's attorney's fees, held, under Code, § 975, court

did not lose authority to allow attorney's fees by supplemental decree, nor was such allowance irregular, because husband had prevailed, or because wife's defense on issue of adultery necessarily served as defense of corespondent named by husband, who was represented by same attorney.

**2. Divorce ⊛189—Court may not impose on corespondent named by husband payment of counsel fees for wife as party to case.**

In husband's divorce action on ground of adultery, court may not impose on corespondent named payment of counsel fees for defendant wife as party to case.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce on ground of adultery by Samuel N. Myers against Victoria Myers, with Cecil D. Alley as corespondent, wherein the wife by cross-bill sought divorce on same ground. The court on final decree granted the husband a divorce on the ground charged, and held the wife's charges against the husband wholly unsustained by evidence, but reserved matter of wife's attorney's fees for further consideration, and by supplemental decree fixed amount thereof, from which decree plaintiff appeals. Affirmed.

F. E. Elder, of Washington, D. C., for appellant.

R. E. J. Whalen, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. In the lower court Samuel N. Myers filed a petition for a divorce from his wife, Victoria Myers, upon the ground of adultery, naming Cecil D. Alley as corespondent. The wife answered, denying the charge, and by way of cross-bill charged her husband with adultery, praying for a divorce from him upon that ground. The husband answered the cross-bill with a denial, and the several corespondents filed similar denials. The trial court heard the testimony and granted an absolute divorce to the husband upon the ground charged in the petition, at the same time holding that the charges of the wife against her husband were wholly unsustained by the evidence.

When the cross-bill was filed, the wife presented a motion praying the court to require her husband to pay her alimony pendente lite, and also a reasonable sum for suit money, including counsel fees. The record does not directly disclose what disposition was

made of this motion, but apparently the demand for alimony pendente lite was denied, and the determination of suit money and counsel fees was taken under advisement. The final decree contains the following statement, to wit, "It is further ordered that the matter of fees of Robert E. J. Whalen, attorney of record for the defendant in this case, together with costs, shall be in abeyance pending further consideration by the court." Afterwards the court entered a supplemental decree, reciting the fact that theretofore the question of making proper allowance for counsel fees to the attorney of the defendant, and for expenses incident to the trial of the case, had been reserved for further consideration, and now ordering that the plaintiff should pay to the attorney of record for the defendant the sum of $500 as fees for services rendered in behalf of the defendant, Victoria P. Myers, and in addition should pay the sum of $265.26 to cover the expenses incident to her defense. The plaintiff appealed from that decree.

[1] We find no error in the action of the lower court. Under section 975, D. C. Code, the court was authorized to require the husband to pay suit money to the wife, including counsel fees, to enable her to conduct her case. The court did not lose that authority when it seasonably took the matter under advisement, for the cause was still pending when the supplemental decree was entered. Nor was the allowance irregular because of the fact that the husband had prevailed at the trial of the issue. The wife was entitled to present her case, and the court may compel a husband to pay counsel fees for the wife, while refusing because of her misconduct to compel the payment of alimony. Scott v. Scott, 8 Pa. Dist. R. 548; Pratz v. Pratz, 11 Pa. Co. Ct. Rep. 252; Miller v. Miller, 19 Phila. Rep. 329. The procedure adopted in the present case was within the discretion of the court. Neither was the court's authority affected by the fact that the wife's defense upon the issue of adultery necessarily served as a defense of the corespondent, and that the same attorney represented both at the trial. The allowance was specifically made to the attorney because of services rendered to the wife only, and the court was able to make a proper estimate of the value of such services. There is nothing in the record to suggest a mistake, much less an abuse of discretion, upon the part of the lower court in its determination of the amount of the allowance.

[2] It may be added that, by analogy with Eichelberger v. Symons, 288 F. 654, 53 App.

D. C. 116, the court was not entitled to impose upon the corespondent the payment of counsel fees for the wife as a party in the case.

The decree is affirmed, with costs.