## MATSON v. RUSCH.
### No. 5428.

Court of Appeals of the District of Columbia.
Argued May 4, 1932.
Decided May 23, 1932.

Rehearing Denied June 10, 1932.

Alfred Cerceo and Augustus S. Goodyear, both of Washington, D. C., for appellant.

Alvin L. Newmyer, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree in the equity court, after a trial upon the evidence, dismissing the plaintiff's bill of complaint, upon the ground that the allegations of the bill were not proven at the trial.

Francis G. Matson, plaintiff below, alleged in his bill of complaint that he had formed a partnership with Louis E. Rusch, the defendant, as attorneys at law, for the purpose of representing the Columbia Salvage Company in certain legal business in which the company was then involved; that the fees were to be divided between them in equal shares; that plaintiff fully discharged his duties under the contract; that the defendant had collected and received large sums in fees due to the firm, the exact amount of which was unknown to plaintiff, for which defendant had failed and refused to account to plaintiff. Plaintiff prayed for a discovery, an accounting, and a decree for the amount found due to him.

The defendant filed an answer which amounted in substance to a general denial of the material allegations of the bill of complaint.

The lower court, after hearing the testimony, held that it failed to prove that any agreement of partnership or joint interest had ever existed between the parties, or that the defendant was indebted to the plaintiff in any sum whatever as alleged by plaintiff. The bill of complaint was therefore dismissed, and plaintiff has appealed.

Appellant's assignment of errors charged that the lower court erred in the following particulars, to wit: (1) In dismissing the bill of complaint because a cause of action is stated therein entitling the plaintiff to the relief sought; (2) in holding that a partnership had not been proven; (3) in holding that the defendant is not indebted to the plaintiff in any amount.

The effect of these assignments is simply to challenge the lower court's findings of fact upon the evidence.

It is unnecessary for us to review the testimony in detail. The plaintiff and defendant were the principal witnesses. They squarely contradicted each other, and there is no convincing corroborating proof for either party in the record.

The burden of proof was upon the plaintiff, and the lower court did not err in deciding against him.

Moreover, it is settled law that, where an equity cause is tried in open court with a full opportunity on the part of the trial justice to observe the demeanor of witnesses and to judge of their veracity, his findings on questions of fact have much the same sanctity as the verdict of a jury, and they will not be disturbed on appeal, unless a mistake of judgment is so apparent as to demand a reversal. McLarren v. McLarren, 45 App. D. C. 237.

The decree of the lower court is affirmed, with costs.

Affirmed.