## SHELLMAN v. SHELLMAN et al.
### No. 6926.

United States Court of Appeals for the District of Columbia.

Decided Jan. 10, 1938.

John J. O'Brien, of Washington, D. C., for appellant.

August H. Moran, Harry L. Ryan, Jr., and Sylvia D. Kessler, all of Washington, D. C., for appellees.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

STEPHENS, Associate Justice.

The appellant, plaintiff below, brought suit against her husband for divorce, charging adultery with the appellee, Pauline Holmes, who was joined as a defendant and corespondent. The defendants denied the charge and the issue of fact thus joined was tried. At the close of the evidence and after argument, the trial court entered a decree dismissing the plaintiff's complaint at the plaintiff's cost and denying a motion made by the plaintiff for counsel fees. The errors as argued in the appellant's brief are that "the Court erred in entering the decree entered in said cause, . . . as said finding of the Court was contrary to the evidence and the weight of the evidence," and that the court erred in failing to award the plaintiff costs and counsel fees for the trial and counsel fees on appeal. The only errors assigned and filed and included in the transcript of record are that the trial court erred "(1) In passing the decree appealed from (2) In finding that the evidence adduced at the trial was insufficient to establish the charges of adultery between the defendants herein." These assignments do not, as required by paragraph 9 of Rule 5 of this court, separately and specifically state the errors asserted in respect of denial of costs and counsel fees. Under Rule 8, paragraph 5, errors not assigned according to Rule 5, paragraph 9, will be disregarded, although the court at its option may notice and pass upon plain errors not assigned. We find no plain error in respect of the refusal to allow costs and counsel fees. The allowance of such items is within the discretion of the trial court. D.C.Code (1929) tit. 14, § 70, 31 Stat. 1346; 32 Stat. 537; Myers v. Myers, 1925, 55 App.D.C. 224, 4 F.2d 300. No abuse of discretion appears.

The trial court made no findings of fact as required by Equity Rule 70½ of Supreme Court, 28 U.S.C.A. following section 723. In the absence of statute or rule compelling specific findings of fact, the decree in cases where no findings of fact were made has been regarded as impliedly a finding of all the facts sufficient to support the decree which could have been found from the pleadings and the proof. Harjo v. Empire Gas & Fuel Co., 8 Cir., 1928, 28 F.2d 596, 600; Linde Air Products Co. v. Morse Dry Dock & Repair Co., 2 Cir., 1917, 246 F. 834; Young v. Wyatt, 1917, 130 Ark. 371, 197 S.W. 575; Burns v. Bastien, 1935, 174 Okl. 40, 50 P.2d 377; see 4 Cyc.Fed.Proc.1929, § 1012, p. 12. It has been held that a general negative finding does not comply with Equity Rule 70½, 28 U.S.C.A. following section 723, but in the case so holding the appellate court discussed the questions which could be understood from the record presented. Southwestern Bell Telephone Co. v. City of San Antonio, 5 Cir., 1935, 75 F.2d 880. Equity Rule 70½ is intended to aid appellate courts by affording them a clear understanding of the basis of the decision below. In this case we think that a full understanding of the question presented may be had without the aid of separate findings. There was but one question of fact—was the defendant guilty of adultery with the corespondent. It must be taken that the trial court found this question of fact against the plaintiff; otherwise the decree would not be supportable. We have only to determine therefore whether under the evidence this finding was clearly wrong. McLarren v. McLarren, 1916, 45 App.D.C. 237, 1 A.L.R. 1412; Matson v. Rusch, 1932, 61 App.D.C. 184, 59 F.2d 360; Garrity v. District of Columbia, 1936, 66 App.D.C. 256, 86 F.2d 207. We have read the record with care. We cannot say that under all the evidence the finding of the trial judge as implied was clearly wrong. The defendant and corespondent each categorically denied adultery. The trial judge had opportunity to observe the demeanor of the witnesses and to judge of their credibility. The denial, if believed, was alone sufficient to warrant the finding implied in the decree. We cannot say that the trial judge must have disbelieved the denial.

The evidence for the plaintiff, very generally stated, was to the effect that the defendant was in a house alone with the

corespondent on a number of occasions at night without lights and until a late hour. The defendant admitted his presence in the house with the corespondent until a late hour, but he denied that the house was dark and explained his presence as having been for the purpose of making repairs to the house of which he, admittedly, was the owner and landlord and the corespondent the tenant. We cannot say that the trial judge was bound to disbelieve this explanation. The plaintiff relies upon the rule that adultery need not be proved by direct evidence but may be established by proof of circumstances from which guilt may be inferred. Shufeldt v. Shufeldt, 1898, 86 Md. 519, 39 A. 416; Chambers v. Chambers, 1810, 4 Eng.Ecc.R. 445; Burgess v. Burgess, 1817, 4 Eng.Ecc.R. 527. As put by Colt, J., in Thayer v. Thayer, 1869, 101 Mass. 111, 113, 100 Am.Dec. 110:

"The evidence by which the act of adultery is proved is seldom direct. . . . When adulterous disposition is shown to exist between the parties at the time of the alleged act, then mere opportunity, with comparatively slight circumstances showing guilt, will be sufficient to justify the inference that criminal intercourse has actually taken place."

This rule, it is to be noted, is one which permits an inference of guilt. It does not require such an inference.

Affirmed.