## SMITH v. WILSON.
### No. 9683.

United States Court of Appeals
District of Columbia Circuit.

Argued June 14, 1948.

Decided Nov. 8, 1948.

Messrs. Reuben K. Millstein and Edward S. Duvall, both of Washington, D. C., for appellant.

Mr. Charles A. Schaeffer, of Washington, D. C., with whom Mr. Kenneth D. Wood, of Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and PROCTOR, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In 1942 certain realty in the District of Columbia was conveyed to James E. Wilson, the appellee here. He was at that time an infant, living in the home of Agnes Marie Smith, the appellant, who was a mature woman. Later the parties went together to a title insurance company where there was prepared and executed a deed by which the appellee conveyed the property to one of the title insurance company's employees as a straw party. The latter in turn executed a deed conveying the real estate to both parties to this litigation as joint grantees. Thereupon the appellee took possession of both deeds and neither has been recorded. In this action in the District Court the appellant sought by mandatory injunction to require the appellee to record both instruments.

The appellee admitted the execution of the two deeds but contended that it was not his purpose thereby to convey presently and unconditionally an undivided one-half interest in the property to the appellant, but only to make the arrangement effective should he die during his war service with the Maritime Commission. If this is true, the mere manual delivery of the deeds was not effective legal delivery.[1] Ley & Co. v.

---

[1] This principle should be carefully distinguished from the general rule that there can be no conditional delivery of a deed which is absolute on its face. If a deed is executed subject to a condition precedent which is not expressed in it, the deed must remain in the hands of the grantor or be placed in escrow if the condition is to be effective. But, a distinction is recognized between a so-called conditional delivery, in which the condition is ineffectual, and the grantor's complete absence of any intention to pass title at the time of manual delivery. Wadsworth v. Warren, 12 Wall. 307, 79 U.S. 307, 20 L.Ed. 402; Walker v. Warner, 31 App.D.C. 76; 16 Am.Jur., Deeds, §§ 123 and 124.

Wheat, 5 Cir., 1933, 64 F.2d 257; Seibert v. Seibert, 1942, 379 Ill. 470, 41 N.E.2d 544, 141 A.L.R. 299; Wilson v. Wilson, 1895, 158 Ill. 567, 41 N.E. 1007, 49 Am.St.Rep. 176; Hild v. Hild, 1906, 129 Iowa 649, 106 N.W. 159, 113 Am.St.Rep. 600. Appellee's intention in that respect was, therefore, the principal issue of fact.

The trial judge, in finding for the defendant-appellee, announced his decision in this rather emphatic language: "I find for the defendant. The witness [appellant] perjured herself. She has been lying under oath." A factual finding by a trial court will not be disturbed on appeal unless it appears to be clearly erroneous. Hearst Radio v. Good, 1937, 67 App.D.C. 250, 91 F.2d 555; Hazen v. Hawley, 66 App.D.C. 266, 86 F.2d 217, certiorari denied 1937, 299 U. S. 613, 57 S.Ct. 315, 81 L.Ed. 452; Hotel Lafayette v. Pickford, 1936, 66 App.D.C. 211, 85 F.2d 710; 711; Dear v. Guy, 64 App. D.C. 314, 78 F.2d 198, certiorari denied sub nom. Macrae v. Guy, 1935, 296 U.S. 585, 56 S.Ct. 96, 80 L.Ed. 414; Matson v. Rusch, 1932, 61 App.D.C. 184, 59 F.2d 360. The rule is no different in a suit seeking an injunction, Jameson v. Brown, 1940, 71 App. D.C. 254, 109 F.2d 830; Castleman v. Avignone, 1926, 56 App.D.C. 253, 12 F.2d 326.

Our review of the record causes us to conclude that the District Court was fully justified in reaching its conclusion.

Affirmed.