## THE AMERICAN SECURITY AND TRUST COMPANY

*v.*

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

---

### LIFE INSURANCE.

Payment of the amount of a policy of insurance to the guardian of the infant widow of the insured, will in the absence of fraud discharge the obligation of the insurer where the policy is payable "to the executors, administrators or assigns of the insured unless settlement shall be made under the provisions of article second hereinafter contained," and that article provides that "the company may pay the sum of money insured hereby to any relative by blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expenses in any way on behalf of the insured for his or her burial, or for any other purpose; and the production by the company of a receipt, signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

No. 962. Submitted March 8, 1900. Decided April 3, 1900.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon demurrer to one of several pleas to a declaration in an action on a policy of insurance. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Henry E. Davis* and *Mr. Charles Cowles Tucker* for the appellant.

*Mr. W. V. R. Berry* and *Mr. Benjamin S. Minor* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal from a judgment on demurrer rendered by the Supreme Court of the District of Columbia, in a suit by the American Security and Trust Company, administrator of the estate of Benjamin F. Cooper, deceased, against the Prudential Insurance Company of America, upon a policy of insurance for $500, issued by by the latter company, September 30, 1895, whereby it insured the life of the decedent Cooper. The first and special count of the declaration alleges that by the policy of insurance the appellee promised and agreed to pay unto the executors, administrators, or assigns of said insured, the sum of $500, within twenty-four hours after acceptance by the appellee of satisfactory proof of the death of said insured, during the continuance of said policy. The death of the insured and the payment by him of the premiums on the policy, are set forth in the declaration, and are admitted by the demurrer. Common money counts are added, but they have no special bearing upon any question arising on this appeal.

The defendant, The Prudential Insurance Company, pleaded three pleas: (1) That it did not undertake and promise as alleged; (2) that it is not indebted as alleged; and (3) that the plaintiff ought not to maintain the action, because the defendant says, that under the policy sued on,

the defendant promised, upon receipt of satisfactory proof of the death of the insured, to pay the amount of the policy, to wit, $500, "to the executors, administrators, or assigns of the person named as the insured in said policy, *unless settlement* shall be made under provisions of article second hereinafter contained." That said article second is in the following words, to wit:

"The company may pay the sum of money insured hereby to any relative by blood, or connection by marriage of the insured, *or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expenses in any way on behalf of the insured for his or her burial, or for any other purpose,* and the production by the company of a receipt, signed by any or either of said persons, *or of other sufficient proof of such payment* to any or either of them, *shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto,* and that all claims under this policy have been fully satisfied."

"And that the said defendant, on the 15th day of September, 1898, paid to Charles B. Hale, the duly appointed guardian of Josephine N. Cooper, widow of Benjamin F. Cooper, deceased, the party insured under said policy sued on, the sum of $500, according to the condition, form and effect of said policy; and this the defendant is ready to verify," etc.

Issue was joined on the first two pleas, and to the third a demurrer was entered. The ground of demurrer, as noted in the margin, according to the direction of the rule of court, was, that the payment made by the defendant to the guardian of the widow of the deceased party insured, was not, under the terms of the policy of insurance sued on, a valid discharge of the obligation of the defendant under the policy. The court below held otherwise, and overruled the demurrer, and upon the plaintiff electing to stand upon the demurrer, judgment was rendered for the defendant, and the plaintiff has appealed from that judgment.

We think the court below was entirely right in holding as it did, and in giving judgment for the defendant. It is contended on the part of the plaintiff, that the defendant company having obligated itself to pay, upon the death of the insured, the amount of the policy, to his executors, administrators or assigns, it could not afterwards elect to pay the amount to another class of persons mentioned in the second article or clause of the policy, and thus acquit itself of its obligation to pay to the executors, administrators or assigns of the deceased. In other words, that there is a repugnancy between the two conditions. But we can perceive no sufficient reason for this contention. It was competent to the parties so to agree, and there is nothing in the policy of the law that forbids it. On the contrary, the character of the insurance and the object sought to be attained by it, would seem to render it highly proper that the money due on the policy should be applied as contemplated by this second article or clause of the policy, in order to save the cost, expense and delay of administering the fund. Doubtless, the executor or administrator of the deceased would be primarily entitled to receive the fund, as provided in the first article or clause of the policy; but it was competent to the parties to the contract of insurance to stipulate that such primary obligation to pay to the executors or administrators should be conditional or defeasible, and that payment to any of the class or classes of persons designated in the second article of the policy, showing themselves to be *equitably* entitled to receive the money, should operate a discharge of the defendant from the obligation of the policy. Of course, good faith must be observed, and the full amount of the policy paid; but as this case is presented, we must presume good faith, and that the payment to the guardian of the widow of the insured was for her use and benefit, and that she had an equitable right to receive the fund. The clause of the policy expressly provides "that the production of a receipt signed by any or either of said

parties, or of other sufficient proof of such payment to any or either of them, *shall be conclusive evidence* that such sum has been paid *to the person or persons entitled thereto,* and that all claims under the policy have been fully satisfied." If fraud or bad faith had been practiced, whereby a party not equitably entitled had been paid the fund, or any part thereof, that would have been the subject of a special replication to the plea. But on the demurrer to the plea, which admits the fact pleaded, we are not to assume that the plaintiff could, by special replication, successfully controvert the facts set up in the plea, and admitted on the record.

This is not a novel question in insurance law. In the great variety of insurance contracts brought into use of late years, the present is one among them of special features and conditions; but the question of the construction of the policy is not without precedent of well considered adjudications of highly respectable courts.

The question, on a similar provision of the policy of insurance to that involved in the present case, has been, on several occasions, before the Supreme Court of Pennsylvania, and the provision of the policy has been held valid and binding by that court.

In the case of *Thomas* v. *Prudential Insurance Co.,* 148 Penna. St. 594, in passing upon this very question, the court said : " We are unable to see how the administrator can recover from the company the money which it paid in strict compliance with the contract between it and the insured. The company paid this money to the person appearing to be equitably entitled to receive it, and produced a receipt signed by her for the same. This was a complete defense under the very terms of the policy. It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract itself does not offend against any rule of law or public policy, and we

can not hold that the administrator is entitled to recover without making a new contract for the parties."

The same construction was adopted and followed in the subsequent case of *Brennan* v. *Prudential Insurance Co.*, 170 Penna. St. 488. In this latter case it was said by the court: "Where an insurance company is authorized by a policy to pay the insurance money to the person appearing to it to be equitably entitled to the money, the payment of the money by the company to the person appearing to the company to be equitably entitled to it is a complete defense to a suit by the personal representative of the party insured."

The principle of the preceding cases is also recognized in the case of *Floyd* v. *Prudential Insurance Co.*, 72 Mo. App. 460; and in the case of *Life Insurance Co.* v. *Shaffer*, 50 N. J. Law, 72. See, also, the case of the *Prudential Insurance Co.* v. *Young*, 14 Ind. App. 563.

We think it clear that the judgment of the court below is correct, and that it ought to be affirmed; and it so ordered.

*Judgment affirmed.*

Mr. Justice Morris did not participate in the hearing or determination of this case.