# PRUDENTIAL INSURANCE COMPANY *v.* BROCK.

LIFE INSURANCE; DISCRETION AS TO PAYMENT; BENEFICIARY; FRAUD; NOTICE OF WILL.

1. Rights conferred upon a life insurance company by the terms of the policy to make selection of the person equitably entitled to receive the proceeds of the policy cannot be limited by the designation of a beneficiary.

2. A life insurance company is not estopped from making distributions and payment, under the terms of the policy, to the person equitably entitled to the proceeds thereof, by having notice of the existence of a will and the designation therein of an executrix. (Citing *American Secur. & T. Co.* v. *Prudential Ins. Co.* 16 App. D. C. 319.)

3. Fraud of a life insurance company which can defeat a settlement of a policy with a person whom the company finds equitably entitled to the fund, under authority given therefor, by the terms of the policy, must consist of some act not left to the company's discretion, such as the payment of only a portion of the amount due, or payment to a stranger not included in one of the classes of persons who may be equitably entitled to the proceeds under the terms of the policy.

4. Where an insurance company in good faith finds a person equitably entitled to the fund, who belongs to one of the classes specifically mentioned for that purpose in the policy, and makes payment accordingly, the decision is final, and not subject to review by the court; since to reverse it would be equivalent to making a new contract for the parties.

No. 3111.  Submitted March 8, 1918.  Decided May 6, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action on insurance policies.                    *Reversed.*

NOTE.—On right of insurance company, in making payment of proceeds of life policy, to rely on clause giving company option as to payee, and making receipt conclusive evidence of payment to proper person, see note in 20 L.R.A.(N.S.) 928.

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District of Columbia in favor of appellee, Mary E. Brock, executrix of the estate of Margaret Brown, deceased, plaintiff below, and against the Prudential Insurance Company of America, for the amount due on two insurance policies of the "industrial" class insuring the life of one Margaret Brown. One of the policies, for the sum of $168, dated November 27, 1905, was taken out by the insured's mother in the name of Margaret Cole, the insured being under age and unmarried. She was married to John Brown on February 15, 1906. The mother paid the premiums on this policy until the marriage of the insured, when the husband assumed the obligations, and thereafter paid the premiums. The premiums on the other policy, dated May 4, 1908, for the sum of $55, were paid by the husband.

The insured lived with her husband in Pittsburg, Pennsylvania, until February 14, 1914, when she came to Washington, where she died about three months later, May 16, 1914. Shortly thereafter, the husband, John Brown, made the necessary proofs of death, accompanied with a statement that he would pay the funeral expenses, and, on June 10, 1914, was paid $240.08, the full amount due on the two policies.

Plaintiff, an aunt of the insured, as executrix of her estate, brought suit, alleging as ground for recovery that defendant company, by the terms of the policy, was obligated to pay the proceeds thereof to the legal representatives of the deceased. To the declaration defendant pleaded *non assumpsit* and *nil debit,* and interposed a special plea based upon the provisions of the policies. By the express terms of the policies, defendant company was required to pay the proceeds thereof "unto the executors, administrators, or assigns of the person named as the insured in this policy, unless settlement shall be made as provided in article 2d under the head of 'Provisions,' " which provisions are referred to and made a part of the contract. Article 2d, known as the "facility payment" clause, is as follows: "The company may make any payment provided for in this policy to any relative by blood or connection by marriage

of the insured, or to any other person appearing to said company
to be equitably entitled to the same by reason of having incurred
expense in any way on behalf of the insured; for his or her
burial or for any other purpose; and the production by the
company of a receipt signed by any or either of said persons,
or of other sufficient proof of such payment to any or either of
them, shall be conclusive evidence that such benefits have been
paid to the person or persons entitled thereto, and that all
claims under this policy have been fully satisfied."

Issue was joined on defendant's pleas; but thereafter, by leave
of court, and over defendant's objection, plaintiff withdrew her
joinder to defendant's third plea and filed a special replication,
alleging that payment was made to John Brown in bad faith,
that he was not equitably entitled to the proceeds, and that pay-
ment had been made in fraud of the rights of plaintiff. Trial
was had, and the case was submitted to the jury on the question
of fraud, resulting in a verdict and judgment for plaintiff.
The errors assigned go to the single question of the refusal of
the court, as matter of law, to instruct a verdict for defendant.

*Mr. Benjamin S. Minor,* for the appellant:

Had the defendant company a right to pay the money due
on the policies to John Brown, the husband of the insured?

(a) The contract is clear and free from ambiguity and doubt.
It is an agreement on the part of the insurer to pay to the ex-
ecutors, administrators, or assigns of the insured, *unless* settle-
ment should be made as provided in article 2d of the provisions
of said policies. The promise to pay to the executors, adminis-
trators, or assigns of the insured is not absolute, but conditional.
This provision, known as the "facility of payment" clause, gives
to the company the option to select from the classes named
therein the person to whom it will make payment. The pro-
vision does not present a novel question in insurance law, but
on the contrary the identical provision, and similar provisions
in industrial policies, have been construed and sustained by
this court and a number of the State courts. It has been held
that the provision does not contravene any law and is not void

as against public policy. *American Secur. & T. Co.* v. *Prudential Ins. Co.* 16 App. D. C. 318; *Bradley* v. *Prudential Ins. Co.* 187 Mass. 226; *Thomas* v. *Prudential Ins. Co.* 148 Pa. 594; *Metropolitan L. Ins. Co.* v. *Schaffer,* 50 N. J. L. 72; *Sheridan* v. *Prudential Ins. Co.* 230 Ill. 33; *Pfaff* v. *Prudential Ins. Co.* 141 Pa. 562; *Brennan* v. *Prudential Ins. Co.* 170 Pa. 488; *Ferretti* v. *Prudential Ins. Co.* 97 N. Y. Supp. 1007; *Met. L. Ins. Co.* v. *Nelson,* L.R.A. 1916F, 457, and note to case; *Thompson* v. *Prudential Ins. Co.* 104 N. Y. Supp. 259; *Thomas* v. *Prudential Ins. Co.* 158 Ind. 462; *Metropolitan L. Ins. Co.* v. *O'Farrell,* 64 Kan. 278.

(b) The purpose of these clauses has been expressly held to be for the protection of the insurer in making quick payments without the cost, expense, and delay of administration proceedings in order to collect the same. *Wokel* v. *Belsky,* 65 N. Y. Supp. 817; *Wachtel* v. *Harrison,* 145 N. Y. Supp. 982; *Ruoff* v. *John Hancock Mut. L. Ins. Co.* 83 N. Y. Supp. 758; *Ferretti* v. *Prudential Ins. Co.* 97 N. Y. Supp. 1007.

(c) As stated above, the promise to pay the executors, administrators, or assigns of the insured is conditional, and not absolute. It is only on failure of the insurer to exercise the option given to it under the "facility of payment" clause that the right to the proceeds of the policy becomes absolute. *Am. Sec. & Tr. Co.* v. *Prud. Ins. Co. supra; Prud. Ins. Co.* v. *Godfrey,* 75 N. J. Eq. 484; *Thomas* v. *Prudential Ins. Co.* 148 Pa. 594; *Thomas* v. *Prudential Ins. Co.* 158 Ind. 462.

(d) The submission to the jury by the court below of the question of the equitable right of the insured's husband to the proceeds of said policies seems to have been based upon the authority of the case of *Am. Sec. & Tr. Co.* v. *Prud. Ins. Co. supra; Shea* v. *U. S. Ind. Ins. Co.* 48 N. Y. Supp. 548.

(e) The designation of a beneficiary, either by written notice to the company or by insured's last will and testament, does not and cannot change the terms of the contract. The rights of such beneficiary would be subject to the conditions of article 2d of the policy as to payment. *Met. L. Ins. Co.* v. *O'Farrell,* 64 Kan. 278.

*Mr. Edward L. Gies,* for the appellee, in his brief cited:

*American Secur. & T. Co.* v. *Pru. L. Ins. Co.* 16 App. D. C. 318; *Thompson* v. *Pru. Life Ins. Co.* 104 N. Y. Supp. 259; *Brennan* v. *Pru. Life Ins. Co.* 170 Pa. 488; *Lewis* v. *Metropolitan L. Ins. Co.* 178 Mass. 52; *Millard* v. *Brayton,* 177 Mass. 533; *Pru. Life Ins. Co.* v. *Godfrey,* 72 Atl. 456; *Del. L. & W. R. Co.* v. *Converse,* 139 U. S. 469; *Hepburn* v. *Dubois,* 12 Pet. 345; *Nash* v. *Milford,* 33 App. D. C. 42; *Morgan* v. *Adams,* 29 App. D. C. 98; *Ætna Life Ins. Co.* v. *Ward,* 140 U. S. 76.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Briefly, the charge of fraud is based upon the fact that after the insured came to Washington she wrote defendant company at Pittsburg, requesting that plaintiff be designated as the beneficiary in the policies. After some correspondence and investigation by the company this request was refused. The ground of refusal stated in a letter to the attorney of the insured, under date of April 27, 1914, was that the company did not name beneficiaries in the class of policies to which the ones in question belonged, and that it could not guarantee in advance to whom payment should ultimately be made. Fraud is also assumed from the alleged failure of the company to investigate whether the funeral expenses, doctor bills, and other expenses incurred in Washington had been paid; and also from the fact that the proceeds of the policies had been bequeathed to plaintiff under the will of the insured. It is not contended, however, that plaintiff, before payment, had notice of such bequest; the only notice being of the existence of a will in which plaintiff was named as executrix.

The designation of a beneficiary could in no way change the terms of the contracts. The rights of a beneficiary would be subject to the conditions of the policies as to payment, and the right conferred upon the company to make selection of the person equitably entitled to receive the proceeds of the policies could not be limited by the designation of a beneficiary. *Metropolitan L. Ins. Co.* v. *O'Farrell,* 64 Kan. 278, 67 Pac. 835.

In *Thomas* v. *Prudential Ins. Co.* 148 Pa. 594, 24 Atl. 82, the policy was similar to those here involved. The insured was unable to pay the premiums, and a contract was made with the company whereby, on condition of the wife of the assured paying the premiums, the policy would be assigned to her and the company would pay the insurance to the wife. She paid the premiums, but, on the death of the assured, the company paid the insurance to the mother of the assured. The court, upholding the action of the company, said: "The company paid this money to the person appearing to it to be equitably entitled thereto, and produced a receipt signed by her for the same. This was a complete defense, under the very terms of the policy. It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract itself does not offend against any rule of law or public policy, and we cannot hold that the administrator is entitled to recover without making a new contract for the parties. It appears from the evidence that the assured boarded with Laura Evans up to the time of his death; that he owed her $20 for board, and that she advanced $8 for funeral expenses. This may, or may not, be the reason why the defendant company regarded her as equitably entitled to the insurance money. It was sufficient for the purposes of this case that she appeared to said company to be so entitled."

Nor was the company estopped from making distribution and payment, under the 2d article of the conditions of the policies, by notice of the existence of a will and the designation therein of plaintiff as executrix. In *American Secur. & T. Co.* v. *Prudential Ins. Co.* 16 App. D. C. 319, where this exact question was presented, Chief Justice Alvey, speaking for the court, said: "Doubtless, the executor or administrator of the deceased would be primarily entitled to receive the fund, as provided in the 1st article or clause of the policy; but it was competent to the parties to the contract of insurance to stipulate that such primary obligation to pay to the executors or administrators should be conditional or defeasible; and that payment to any of the class or classes of persons designated in the 2d article of the policy, showing themselves to be *equitably* entitled

to receive the money, should operate a discharge of the defendant from the obligation of the policy."

Of course, if fraud or bad faith has been practised by the company, where a party not equitably entitled to the fund has been paid, it would constitute a good defense to defendant's special plea. But the fraud must consist in the company either doing some act not left to its discretion,—such as the payment of only a portion of the amount due or payment to a stranger not included in one of the classes mentioned in the policy,—or fraudulently settling with one who manifestly had no equitable right to be selected. When the company in good faith finds a person within one of the classes to be equitably entitled to the fund, and makes payment accordingly, the decision is final, and not subject to review; since to reverse it would be equivalent to making a new contract for the parties.

There is no evidence of fraud in this case to justify the submission of the question to the jury. The mere fact that the company selected one person over the protest of another, when it had the power to select either, is not even a badge of fraud. It merely amounts to the exercise of the discretion conferred upon it by the contract. Nor do we think there was anything unreasonable in the selection here made as between the husband, who had paid the premiums on the policies, cared for his wife, and supported her, at least up to the time she came to Washington, and the aunt, under whose influence the insured was placed after coming to Washington. It cannot be assumed that the company knew, nor does it appear that it was advised before making settlement, of the existence of family differences, which, if known, might or might not have affected its decision. If a mere protest by one competent to be selected would operate to estop the company from exercising the discretion conferred by the contract, there would be few cases where it could act with safety, and the beneficent purpose of the provision of the policy would be completely nullified.

The judgment is reversed, with costs, and the cause is remanded for a new trial.                *Reversed and remanded.*