FRED C. ZORNOW, as Administrator, etc., of ERNEST ZIMMER, Deceased, Respondent, v. PRUDENTIAL INSURANCE COMPANY, Appellant.

Fourth Department, October 1, 1924.

**Insurance — industrial life insurance — action by administrator to recover on policy containing " facility of payment " clause — undertaker performed services on assurance by defendant's superintendent that policy provided fund to pay bill — insurer must exercise good faith and sound judgment in making payment to proper claimant — landlady with whom insured boarded, without knowledge of undertaker and with help of defendant's agents, secured money after fraudulently securing receipt from undertaker's wife — payment to landlady not defense — company liable to administrator.**

An insurance company which issues an industrial life insurance policy containing a " facility of payment " clause which permits payment by the insurer to any person appearing to the insurer to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his burial and provides that the production of a receipt signed by the claimant shall be conclusive evidence that such payment has been made, is liable to the administrator of the estate of the insured, who was the undertaker who buried the insured after he had been informed by defendant's superintendent that the policy provided a fund for burial expenses, although it appears that the money was thereafter paid to the landlady with whom the insured boarded at the time of his death who filed a claim, and that such payment was made without the knowledge of the undertaker but with the knowledge of defendant's agents and after the

undertaker's wife had been induced fraudulently to give the agent a receipted bill.

The law in permitting the insurer under the " facility of payment " clause to elect to whom it shall pay on the policy, requires not only good faith on the part of the insurer but the exercise of sound judgment in making payment to the proper claimant in order that no injustice shall be done to the estate of the decedent and to those having legitimate claims. In this case the payment to the landlady was without any equitable basis whatever and was made with the knowledge that the undertaker had a claim against the estate which was created after assurance by the defendant's superintendent that the policy established a fund for the payment thereof.

The fact that by fraud a receipted bill was obtained by the landlady with the assistance of defendant's agents when no payment was in fact made and no agreement reached whereby the undertaker assented to the landlady's being the custodian of the fund, cannot justify the insurer's claim that the receipt so obtained is conclusive on the administrator.

MOTION for reargument of an appeal by the defendant, Prudential Insurance Company, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of said county on the 17th day of January, 1924, affirming a judgment of the City Court of the City of Rochester, Civil Branch, and also motion for leave to appeal to the Court of Appeals.

*Merle L. Sheffer* [*James G. Greene* of counsel,] for the appellant.

*O'Brien & McSweeney* [*Smith O'Brien* of counsel], for the respondent.

DAVIS, J.:

On the appeal from the judgment in this case we affirmed without opinion. (210 App. Div. 813.) Counsel for appellant urges that we have overlooked important facts in the record and have failed to recognize established legal principles which he claims are decisive in favor of his client. We, therefore, deem it proper to state formally the views we entertain.

The judgment in respondent's favor on the trial justifies a statement of the facts established by the evidence as follows: Ernest Zimmer, aged about forty-eight years, died August 3, 1921, at a hospital in Rochester. For some time prior to his last illness he had been boarding with a Mrs. Rothfus at Pittsford. At the time of his death it was not known that he had any family or relatives. He had no property but had two insurance policies of the kind known as " industrial " policies issued by defendant, to the net amount of $171.50. Fred C. Zornow, an undertaker in Pittsford, was notified by a physician and also by Mrs. Rothfus of Zimmer's death, and was asked to take charge of the funeral. He made inquiries as to any property of the deceased, and was shown the policies in question and informed by both Mrs. Rothfus

and defendant's superintendent that these policies provided a fund for the burial of the insured. Zornow then proceeded to arrange for the funeral, adjusting the expenditures to be made with relation to the amount of the policies. Mrs. Rothfus made formal proof of death and of claim and delivered the policies to defendant's superintendent, and the latter took a written statement from Mrs. Rothfus to the effect that she would pay the funeral expenses — but of these facts Zornow had no knowledge. Subsequently checks were issued by the company payable to Mrs. Rothfus. They were taken to Pittsford and two agents of the defendant went with Mrs. Rothfus to the office of Zornow, who was then absent. Mrs. Rothfus, in the presence of one of the agents, represented to Mrs. Zornow that it was necessary to have a receipted bill in order that the insurance might be made available for paying the funeral expenses. They did not disclose the fact that the checks made payable to Mrs. Rothfus were then in the hands of the other agent. Mrs. Zornow made out a bill and receipted it in the name of her husband and delivered it to the agent. Soon thereafter the agent delivered the checks to Mrs. Rothfus, but the funeral bill was not paid.

This action was brought by the plaintiff, as administrator of the estate of the deceased, to recover on the policies, there being apparently no other assets of the estate. The defense interposed was that by the terms of the policies the company was justified in making payment to Mrs. Rothfus and such payment bars further recovery.

While the policies provide for payment to the executors or administrators of the insured, they also contain what is known as a " facility of payment " clause upon which this defense was based. In such clause it is provided, in substance, that the company may make payment to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his or her burial and the production of a receipt signed by any or either of said persons shall be conclusive evidence that such payment or provision has been made, and that all claims under the policy have been fully satisfied.

The fundamental purpose of such small policies as these is to provide a fund with which the insured may procure care in his at sickness, and be assured of a respectab'e burial. (L. R. A. 1916F, 461, note.) The " facility of payment " clause permits quick payments by the insurer and often saves the expense of procuring legal administration of the estate where there are no

other assets. For these reasons it is held that such indefiniteness as to the beneficiary is not against public policy. (*Bradley* v. *Prudential Ins. Co.*, 187 Mass. 226; *Ruoff* v. *John Hancock Mut. Life Ins. Co.*, 86 App. Div. 447.)

But in thus permitting the insurer in a sense to elect to whom it shall pay on the policy, the courts wil require not only good faith on the part of the insurer, but the exercise of sound judgment in making payment to the proper claimant in order that no great injustice shall be done to the estate of the decedent and to those having legitimate claims. In other words, no freedom of arbitrary or capricious choice is given the insurer, nor license to act carelessly and without proper inquiry into the facts. It may not act with such indifference that the funds are diverted from the estate by payment to one who has no legitimate claim upon them. In determining who is the person " equitably entitled " to receive payment, the insurer must be governed in making its choice by equitable principles approximating at least those recognized by the courts. (*Wokal* v. *Belsky*, 53 App. Div. 167; *Thompson* v. *Prudential Ins. Co.*, 119 id. 666; *Cohen* v. *John Hancock Mut. Life Ins. Co.*, 135 id. 776.)

Mrs. Rothfus was not, in any sense, a relative of the insured and she had neither paid the funeral expenses nor made contract or arrangement with the undertaker whereby she became obligated to pay them. We hold it to be insufficient grounds upon which to base an equitable claim to a fund, that a person of no financial responsibility makes a promise to the insurer that she will pay the funeral expenses of the insured, where that fact is not communicated to the person conducting the funeral, and where he has been given no choice to elect that he will accept such promise and rely upon the personal liability of a stranger rather than upon the fund provided for the particular purpose of meeting the funeral expenses.

Mrs. Rothfus was not the agent of Zornow, nor was there any privity between them. If she had been chosen to discharge the duty of applying the funds arising from the insurance policies to the purpose for which they were intended, the choice was that of the company, and Zornow was not concluded by her failure to perform a duty devolved upon her not by any act of his own but by that of the company. Her conversion of the fund before it was applied to its definite purpose was not materially different in legal effect from an unlawful appropriation of the fund by an agent of the company intrusted with its custody. The fact that by stratagem and fraud a receipted bill was obtained by the act of Mrs. Rothfus and the agent, when no payment was in fact made and no agree-

ment reached whereby Zornow assented to the choice of Mrs. Rothfus as the custodian of the fund, cannot justify the defendant's claim that this receipt so obtained is conclusive on the administrator. Zornow had no knowledge of the plan defendant adopted, and, therefore, was not bound to make collection from a person who had never undertaken with him to become legally obligated to pay his claim.

We think a correct conclusion was reached by the trial court, and that the motions should be denied.

All concur.   Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Motion for reargument denied, with ten dollars costs.   Motion for leave to appeal to Court of Appeals denied.