## LA RAW v. PRUDENTIAL INS. CO. OF AMERICA.

(Court of Appeals of District of Columbia. Submitted March 4, 1926. Decided April 5, 1926.)

### No. 4377.

**1. Insurance �köm635—Allegation of absence of insured for seven-year period and diligent search and inquiry held sufficient to establish insurer's liability under statute (Code, § 252).**

Allegation in action on insurance policy that insured had disappeared more than seven years before, and had not been heard of or from, though diligent search and inquiry had been made, *held* sufficient to establish liability, under Code, § 252.

**2. Insurance ⊘═665(8)—Insurance company, by agent's statement on disappearance of insured, held, under evidence, to have elected to make payment to insured's stepdaughter under "facility of payment" clause, if she paid premiums, and estopped to insist on making payment to executor or administrator.**

Evidence that insurance agent, after insured's disappearance, told plaintiff, his stepdaughter, never to allow the policies to become delinquent, and that person holding a policy and paying premiums would be entitled to, and company would pay, the insurance after seven years had elapsed, *held* to establish an election by company to make payment to plaintiff under "facility of payment" clause, which estopped company, on presentation of claim, from refusing to exercise its option and insisting on making payment to executor or administrator.

**3. Insurance ⊘═583(2)—Agent's statement to insured's stepdaughter, amounting to an election to make payment to her under "facility of payment" clause, held not a modification policy, in excess of agent's authority.**

Clause of policy relating to modifications by agent *held* referable to modifications affecting liability of company and agent's statement to insured's stepdaughter, which amounted to an election by company to make payment to her under "facility of payment" clause, and not a modification of the policy beyond the authority of the agent to make.

**4. Insurance ⊘═583(2)—Insurance company held without equitable justification in refusing payment to insured's stepdaughter by election under "facility of payment" clause.**

Insurance company *held* without equitable justification in refusing to make payment to insured's stepdaughter under "facility of payment" clause, in accordance with a prior election, being amply protected against future claim.

**5. Insurance ⊘═629(1)—Plaintiff, relying on absolute agreement of agent amounting to election under "facility of payment" clause to pay amount of policy to plaintiff, held not required to allege that she relied on such agreement in paying premiums following insured's disappearance.**

Insured's stepdaughter, suing on policy and relying on an absolute agreement of agent,

amounting to an election by company to make payment to her under "facility of payment" clause, if she would pay premiums until lapse of seven years after insured's disappearance, *held* not required to allege reliance on such agreement.

In Error to the Municipal Court of the District of Columbia.

Action by Loduth E. La Raw against the Prudential Insurance Company of America. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. P. Earnest and G. B. Springston, both of Washington, D. C., for plaintiff in error.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Plaintiff in error, Loduth E. La Raw, brought a suit in the municipal court of the District of Columbia against defendant in error, Prudential Insurance Company, to recover the amount of two policies of insurance, issued to one Frank B. Egan, on August 3, 1908, and September 14, 1908, respectively. The two policies aggregate $600.

It is alleged in the declaration that Egan paid the premiums on the policies until April 30, 1918, when he disappeared from his home, and he has never been heard of or from, from that date until the present time, although diligent search and inquiry has been made for him. It is further alleged "that, after the disappearance of the insured, one C. H. Schaffer, an agent of the defendant company, who dealt with the insured and this plaintiff, and who collected the premiums from this plaintiff, told said plaintiff 'never to allow the policies to become delinquent, to always keep the premiums paid up to date; that the person holding the policies and paying the premiums would be entitled to, and the company would pay, the insurance, after the seven-year period had elapsed, if the persons so entitled would make claim for the amount of the insurance.' "

Plaintiff further alleges that she paid the premiums as they fell due on the policies to the agent, Schaffer, and is continuing to pay the same to this date, all of which have been accepted by the company with full knowledge of the facts in the case. When seven years had elapsed from the time of the disappearance of the insured, plaintiff made claim for the amount of the insurance to the defendant company, which claim was rejected chiefly on the ground that "the insured in this case is a young man 44 years old, and is in all probability still alive."

Defendant company demurred to the declaration on the following grounds: "(1) The plaintiff, in and by her said declaration, does not show any right to the proceeds of the policies of insurance sued upon. (2) In and by her said declaration it appears that, unless the defendant company should exercise the right given it in and by provision 2 of the said policies, known as the 'facility of payment' clause, the proceeds of said policies are payable to the executor or administrator of insured, upon receipt of due proof of death of the insured, and not to the plaintiff. (3) The plaintiff does not show, in and by her said declaration, that she has furnished the defendant due proof, or any proof, of the death of the insured." On hearing, the court sustained the demurrer, and on plaintiff's election to stand upon her declaration judgment was entered, from which the case comes here on writ of error.

Plaintiff in error is a stepdaughter of the insured, therefore related to him by marriage. The "facility of payment" clause in the insurance policies reads as follows: "The company may make any payment provided for in this policy to relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or, if the insured be more than 15 years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

[1, 2] The demurrer admits the averments of the declaration that plaintiff had the arrangement with the agent of the company as alleged, and that, relying upon that arrangement, she has paid the premiums in full to the present time. The absence of the insured for the seven-year period is sufficiently alleged to establish the liability of the company under section 252 of the District Code. National Union v. Sawyer, 42 App. D. C. 475. This point, however, is not seriously controverted by the company; but the right

is claimed to make payment only to the executor or administrator of the insured.

Plaintiff pitches her case upon the ground that, conceding the option contained in the policies, enabling the company to elect the beneficiary to whom the proceeds shall be paid, either the executor or administrator or a person having an equitable claim, the company has exercised its option in this case. The option is conditional or defeasible, and when the company negotiated with plaintiff for the payment of premiums for seven years, on the agreement that the proceeds of the policies should be paid to her, it thereby made a present election that upon fulfillment of the agreement by plaintiff, the proceeds should be paid to her. Her contention is that, defendant having exercised its option in her favor, there is no one else to whom payment can lawfully be made. On the other hand, defendant claims the option to pay to another than the executor or administrator of the insured, but in this case refuses to exercise this option, and in the face of its refusal the only person who can sue is an executor or administrator of the insured, and that therefore plaintiff has no right of action against it.

The right of election as to whom payment shall be made under the "facility of payment" clause undoubtedly rests with the company. In the absence of any election having been made by the company, under this clause the company may insist upon making payment to the executor or administrator of the insured; but we think that in this case an election has been made by the agreement entered into between plaintiff and Schaffer, the agent of the company. In face of this agreement, and the acceptance of the premiums for the period of more than seven years, the company is now estopped to claim the right to pay only an executor or administrator, or indeed to pay any one else than the plaintiff in error.

In the case of Shea v. United States Industrial Insurance Co., 48 N. Y. S. 548, 23 App. Div. 53, a similar agreement to that here alleged was made between the plaintiff and an agent of the company. The payments were made by the plaintiff on policies insuring the life of her daughter. The agent of the company in effect stated to plaintiff that, as she was a blood relative of the insured, she would be the beneficiary therein, and entitled to the insurance if she paid the premiums as required. The company in that case, as in this, undertook to void the agreement of its agent. The court, in holding the company liable, and in considering the effect of the "facility of payment" clause, said: "This article corresponds with the representations made to the plaintiff, with this difference, that, instead of being an absolute promise to pay, it is permissive at the option of the company. As the company, however, made its absolute agreement with the plaintiff that she should be the beneficiary, we think such agreement had the force of a present election upon the part of the company to exercise the option in this regard in favor of the plaintiff." It follows, we think, that the agreement made between plaintiff and Schaffer, the agent of the company, constituted a present election on the part of the company to exercise the option in favor of plaintiff.

[3] But it is contended by counsel for defendant that this amounts to such a modification of the contract as was beyond the power or authority of the agent to make. The clause in the policies respecting modification reads as follows: "No condition, provision, or privilege of this policy can be waived or modified in any case except by an indorsement hereon, signed by the president, one of the vice presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary, or one of the assistant actuaries. No modification or change shall be made in this policy, except such as in accordance with the law of the state in which the same is issued. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying the premium, to waive any forfeiture, or to bind the company by making any promises, or making or receiving any representation or information."

[4] This clause relates to modifications of the policy affecting the liability of the company. The right of election under the "facility of payment" clause does not increase or diminish the liability of the company. It does not constitute a modification of the policy, but amounts to a supplemental agreement relating to the carrying out of the terms of the policy. As was said in respect of the agreement with the agent in the Shea Case, supra. "This does not change or vary the terms of the policy; it is an agreement in addition thereto and entirely consistent therewith, which may rest in parol and be enforced according to its terms. White v. Hoyt, 73 N. Y. 505; Kenyon v. K. T. & M. M. A. Ass'n [25 N. E. 299] 122 N. Y. 247." Indeed, if election had not been made, it would seem that in equity and good conscience, in the absence of heirs of the insured, or any one asserting claims adverse to

plaintiff, that plaintiff, a relative by marriage, has acquired such an equitable interest in the fund, by the payment of premiums through a long period of years, as would equitably entitle her to a preference, and thus avoid the cost of administration of the fund.

In American Security & Trust Co. v. Prudential Insurance Co. of America, 16 App. D. C. 318, payment of the amount of a policy of insurance was made by the company to the guardian of the infant widow of the insured, and suit was brought by the trust company, as administrator of the estate of the insured, to recover the amount of the policy on the theory that the company had no lawful authority to pay the policy to the guardian of the widow. The court sustained the action of the company in paying the widow as the person equitably entitled to the fund.

It is conceded that payment of the policies to the plaintiff and an acquittance from her affords complete protection to the company against any future claims. The company, therefore, is without equitable justification in refusing to carry out the agreement made by its agent. In return for the full performance of the contract by plaintiff, who is lawfully entitled to the proceeds of these policies, there should be no hesitation in carrying out the agreement. Its contention that payment should be made to an executor or administrator is without good reason or justification. "It was competent to the parties so to agree, and there is nothing in the policy of the law that forbids it. On the contrary, the character of the insurance and the object sought to be attained by it would seem to render it highly proper that the money due on the policy should be applied as contemplated by this second article or clause of the policy, in order to save the cost, expense, and delay of administrating the fund." American Security & Trust Co. v. Prudential Insurance Co., supra.

[5] Counsel for defendant stress the fact that nowhere in the declaration has plaintiff alleged that she paid the premiums for seven years, relying upon the alleged agreement made with Schaffer, defendant's agent. The averment is unnecessary. Plaintiff is not relying upon an implied right of recovery growing out of the payment of the premiums. Her case is pitched upon an absolute agreement, made with a duly authorized agent of the company, that if the payments were kept up she would be paid the proceeds of the policies. She relies upon this agreement as amounting to a present election, under the "facility of payment" clause of the policies; hence an averment of reliance upon the alleged agreement is unnecessary.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.