## LA RAW v. PRUDENTIAL INS. CO. OF AMERICA.

Court of Appeals of District of Columbia. Submitted February 9, 1927. Decided November 7, 1927.

No. 4502.

Insurance ☞611—Plaintiff, suing on insurance policies after seven years' absence of insured, held not entitled to recover on insurer's production of insured alive (Code, § 252).

Where plaintiff paid premiums on policies during 7 years' unexplained absence of insured, in reliance on insurance agent's promise that at the end of such time she would be paid amount of policy, and where insurer, in action on policies, after expiration of 7-year period, produced insured alive, *held*, plaintiff was not entitled to recover, notwithstanding Code, § 252.

Van Orsdel, Associate Justice, dissenting.

In Error to Municipal Court of District of Columbia.

Action by Loduth E. La Raw against the Prudential Insurance Company of America. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 56 App. D. C. 199, 12 F.(2d) 140, 49 A. L. R. 935.

J. P. Earnest and G. B. Springston, both of Washington, D. C., for plaintiff in error.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This suit was brought by plaintiff in error, Loduth E. La Raw, as plaintiff below, to recover judgment upon two certain life insurance policies issued by the Prudential Insurance Company upon the life of her stepfather, Frank B. Egan. The policies were issued, respectively, on August 3, 1908, and September 14, 1908, at the city of Washington, in the District of Columbia, and were in the aggregate sum of $600. They were made payable upon receipt by the company of satisfactory proof of the death of the insured, Frank B. Egan, and were to be paid to his executor or administrator, or to any other person related by blood or marriage to him, appearing to the company to be equitably entitled thereto.

The plaintiff averred that the premiums upon the policies had been paid up to the 30th day of April, 1918, which was more than seven years before the commencement of the suit, when Egan disappeared from his home in the city of Washington, and left his domicile without any known intention of changing the same, and had never returned thereto, nor had he since been heard of or from, although diligent search and inquiry, both public and private, had been made for him, and that no trace or word from him had since been found. Plaintiff also averred that, after the disappearance of Egan, one Schaffer, an agent of the company, who had dealt with the insured and with plaintiff, and collected the premiums upon the policies, told plaintiff "never to allow the policy to become delinquent, to always keep the premiums up to date; that the person holding the policies and paying the premiums would be entitled to, and the company would pay, the insurance after the seven-year period had elapsed, if the person so entitled would make claim for the amount of the insurance." Plaintiff averred that she thereupon regularly paid the premiums accruing upon the policies up to the time of this suit; that the company had regularly received the premiums with a full knowledge of the facts; that, in view of the continued absence without word or letter from the insured over a period of more than seven years, the insured should be presumed to be deceased; that she was the person equitably entitled to receive the insurance, and the only living person who had incurred expense in keeping up the premiums upon the policies; that these facts had been made known to the company by proper affidavits, but the company had refused to make payment to her upon the policies, wherefore she prayed judgment.

The policies in question, as exhibited by plaintiff, severally contain the provision that "no condition, provision, or privilege of this policy can be waived or modified in any case, except by an indorsement hereon signed by the president, one of the vice presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary, or one of the assistant actuaries," and that no agent of the company shall have the power on behalf of the company to make or modify the contract set out in the policies, or bind the company by making any promise, or by making or receiving any representation or information.

The company filed a general demurrer to the declaration, which was sustained by the lower court, and the cause was dismissed. The case was then brought to this court by a proceeding in error, and the judgment of the lower court was reversed, and the cause was remanded. The judgment of this court was based upon the presumption of Egan's death arising from the facts conceded by the company's demurrer, under the provisions

of section 252, D. C. Code, and it was held upon the record that the company had exercised its option under "the facility of payment" clause, and had lawfully designated the plaintiff as the beneficiary and payee of the policies. La Raw v. Prudential Ins. Co., 56 App. D. C. 199, 12 F. (2d) 140, 49 A. L. R. 935.

After the return of the case to the lower court, the company filed a plea admitting the issuing of the policies, that the premiums thereon had been fully paid, that plaintiff had claimed the proceeds thereof on account of the disappearance and absence of Egan for a period of more than seven years, and had submitted affidavits purporting to state the facts surrounding such disappearance, but alleged nevertheless that it had declined to pay the proceeds of the policies to plaintiff, because in fact Egan was still alive. A trial followed in the lower court, at which Egan was produced by the company in full life, and his identity as the insured was admitted by the plaintiff. Thereupon judgment was entered against the plaintiff, and the case is here again upon proceedings in error.

In our opinion the judgment of the lower court was right. The claim of the plaintiff for judgment against the company, as contained in the several declarations filed by her in the lower court, was based upon the policies of insurance, and not upon any other or different contract alleged to exist between herself and the company. The policies, however, were expressly made payable only upon the death of Egan, and according to their terms the company would not be bound to pay the proceeds thereof to any one until after his decease. Nor does it appear that the company's agent ever undertook to modify this provision of the policies. The agent's statements to plaintiff, as set out in the declarations, were manifestly a mere statement of the presumption which would follow from Egan's absence, if unheard from, for a period of seven years, that in such event the insurance would become payable, and would be paid to plaintiff, if she regularly paid the premiums upon the policies during that period. This was not a promise that the company would pay the insurance to the plaintiff after the lapse of seven years, even if Egan were then found to be alive. Moreover, under the terms of the policies, the agent possessed no authority to modify the provisions thereof prescribing the time of payment. Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Prudential Ins. Co. v. Moore, 231 U. S. 560, 34 S. Ct. 191, 58 L. Ed. 367. Therefore Egan's appearance at the trial below effectually demonstrated that the policies issued by the company upon his life were not yet payable, and that no cause of action thereon had yet accrued to the plaintiff.

It is hardly necessary to repeat that the opinion of this court, handed down at the former hearing of this case, and hereby approved, was based upon the presumption arising under section 252, D. C. Code, according to the pleadings, that Egan was dead. This presumption, however, was dispelled by his actual appearance at the trial.

The judgment of the municipal court is affirmed, with costs.

VAN ORSDEL, Associate Justice, dissents.