## BROWN v. METROPOLITAN LIFE INS. CO.
### No. 7136.

United States Court of Appeals for the District of Columbia.

Decided Sept. 29, 1938.

C. Maurice Weidemeyer and Tracy L. Jeffords, both of Washington, D. C., for appellant.

Benjamin S. Minor, Arthur P. Drury, John M. Lynham, and Ralph A. Potts, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

William E. Browne, husband of appellant, died February 29, 1936. At the time of his death, there were in existence four industrial insurance policies on his life, totalling $2,351.56. Each of these policies contained a "facility of payment" clause, which provided substantially for the payment to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial in the event of the death of the insured.

The company paid the sum of $2,-351.56, aforesaid, to Lillian E. Caskey, sister of decedent, who submitted to the company a claimant's statement, wherein she represented that the premiums on the policies had been paid by her brother; that she claimed the proceeds of the policies because of her relationship to him; and that decedent was separated from his wife. She likewise filed with the company a physician's statement, three policies (one having been lost), and the premium receipt book covering payment of premiums of the policies to February 10, 1936, which had been given to her by her brother before his death. At that time she stated that she was responsible for the burial expenses of her brother. Acting on this information supplied by Mrs. Caskey, the company directed its agent here to pay to her its check, if the mother of deceased (who was named beneficiary in one of the policies) would relinquish her claim in favor of her daughter. The mother executed a written waiver and a request that payment of the policy should be made to her daughter. Thereupon, a check for $2,351.56 was delivered to Mrs. Caskey.

Appellant filed a bill in the lower court, in which she claimed that the burial expenses of her husband were paid by the federal government; that the agents of the company at various times while the policies were in full force and effect during the collection of the weekly premiums represented to her husband and herself that, should death occur to him, his wife would receive the proceeds of the policies; that because of these acts and representations on the part of the agents of the company, the company is estopped from claiming the right to exercise their discretion under the facility of payment clauses contained in the policies, and are also estopped to claim the right to pay to anyone other than to her; that she and her husband paid all of the premiums on the policies to the company; that appellant kept the policies and premium books in her possession until about two years prior to her husband's death, when, because of her severe illness, she turned over the possession of the premium books and policies to her husband who paid the premiums therefor until his death on February 29, 1936; that Mrs. Caskey obtained from appellant's husband the premium books and policies while he was in his last sickness; and that the company, "with total abuse of discretion in the premises, arbitrarily and in bad faith paid the proceeds of the aforementioned policies to the defendant Lillian B. Caskey."

The company answered, admitting the payment to Mrs. Caskey of the amount of the four policies, her mother having joined in a waiver of the policy in which she was a named beneficiary, because of the "facility of payment" clause contained in the policies, and contended that it could properly make this payment under that clause.

First. Failure of the trial justice to make findings of fact, as required by Equity Rule 70½ of the Supreme Court, 28 U.S.C.A. following section 723, is assigned as error in this court. The justice below wrote a memorandum opinion in which he stated that the company paid the amount of the four policies to Mrs. Caskey, sister of the insured, who had possession of three of the policies, the fourth having been lost, and also of the receipt book showing payment of premiums; that Mrs. Caskey stated that she would be responsible for the funeral expenses of the decedent; that appellant did not pay many of the premiums on the policy; that insured had turned over to Mrs. Caskey the three existing policies, partly to secure the repayment of a loan and in part to reimburse her for expenses in taking care of the insured's mother. The plaintiff and the insured had been living apart for some time, although no formal separation may have taken place; and, that "I find that the insurance company under the 'facility of payment' clause in the policies was fully justified in making the payment to the defendant, Caskey, who is as much entitled equitably to the fund as was the plaintiff." He thus dismissed the bill. Evidence submitted to the court below supports these statements.

We held in Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108, decided January 10, 1938, that the purpose of the findings contemplated under Equity Rule 70½ of the Supreme Court, 28 U.S.C.A. following section 723, is to enable this court to ascertain the basis for the determination below, and where this court can readily understand the questions presented precise findings are not absolutely essential. While Equity Rule 70½ requires findings of fact by the district judge, in the case at bar we are able to know the basis of the determination by the lower court, and, as in the Shellman Case, supra, we will decide this case, even though the proper findings of fact were not made.

Second. Appellant's theory here, based upon proper assignments of error, is that the company exceeded "the right given under the 'facility of payment' clause of the policies, did not make a good faith investigation before payment, and arbitrarily and wrongfully refused to make payment to appellant, and wrongfully made payment to Caskey." Appellee contends here that the provision for facility of payment is valid and that payment made thereunder in good faith is an absolute acquittance.

The facility of payment clause, which is substantially identical in each of the policies, provides as follows: "The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having

incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

■ We have had occasion in the past to consider such a provision as this one and have held that it is valid and that payment to blood kin, as in the present case, made thereunder in good faith, is an absolute acquittance of the company. American Security & Trust Co. v. Prudential Insurance Co.,. 1900, 16 App.D.C. 318; Prudential Ins. Co. v. Brock, 1918, 48 App.D.C. 4, L.R.A.1918E, 489; Cf. Druckenmiller v. Prudential Ins. Co., 1916, 45 App.D.C. 228; La Raw v. Prudential Ins. Co. of America, 1926, 56 App.D.C. 199, 12 F.2d 140, 49 A.L.R. 935. See, also, Thomas v. Prudential Ins. Co., 148 Pa. 594, 599, 24 A. 82; Williard v. Prudential Ins. Co. of America, 276 Pa. 427, 120 A. 461, 28 A.L.R. 1348, 1350, note; 49 A.L.R. 939, note.

The unbroken rule expressed in our decisions is not challenged, in our opinion, by the cases cited by appellant. In Zornow v. Prudential Ins. Co., 210 App.Div. 339, 342, 206 N.Y.S. 92, 94, the company paid to decedent's landlady, who "was not, in any sense, a relative of the insured, and she had neither paid the funeral expenses nor made contract or arrangement with the undertaker whereby she became obligated to pay them." She merely promised to pay them, but did not. It was held that payment to her by the company did not relieve the company from liability to the administrator who was also the undertaker and who actually buried the deceased. In Sylvester v. Metropolitan Life Ins. Co., 255 Mich. 302, 238 N.W. 234, the company paid to a woman who was not related by blood or marriage, nor equitably entitled to the proceeds, but who promised to pay burial expenses, while the wife of the insured was living and known to be living by the agents of the company. The court followed the Zornow Case, supra. In Hooks v. Metropolitan Life Ins. Co., La. App., 171 So. 601, the company paid part of the proceeds to Hooks, who did not come under the provisions of the facility clause, being neither kin nor equitably entitled thereto; and who gave the proceeds to the undertaker burying decedent and received the surplus from him. Upon suit by Hooks to recover the remaining part of the sum from the company he was denied recovery, the court holding that a facility of payment clause in an insurance policy does not afford to insurer absolute right to exercise its own discretion and judgment in making payment even to those who are included within its terms, but such clause merely gives to insurer protection if in exercise of its discretion and acting on such information as it has before it, it makes payment in good faith to a person apparently equitably entitled thereto.

■ The considerations appearing in these three cases are not present in the case at bar. In none of them was the claimant related by blood to the insured. While here the company paid the full amount of the policies to one who was a "relative by blood" and who additionally was found by the lower court to be equitably entitled thereto. "When the company in good faith finds a person within one of the classes to be equitably entitled to the fund, and makes payment accordingly, the decision is final, and not subject to review; since to reverse it would be equivalent to making a new contract for the parties. * * * If a mere protest by one competent to be selected would operate to estop the company from exercising the discretion conferred by the contract, there would be few cases where it could act with safety, and the beneficent purpose of the provision of the policy would be completely nullified." Prudential Ins. Co. v. Brock, supra.

The decree of the lower court is affirmed.