## UNITED STATES v. INSTITUTE OF CARPET MANUFACTURERS OF AMERICA, Inc., et al.

District Court, S. D. New York.

Feb. 5, 1941.

Thurman Arnold, Asst. Atty. Gen., and Herbert A. Berman and Emanuel S. Cain, Sp. Assts. to Atty. Gen., for the United States.

Thomas Kiernan, of New York City, for Firth Carpet Co. and Harold E. Wadely.

O. S. Marsden, of New York City, for A. & M. Karaghausian, Inc., and Frederick L. Bronaugh.

Coleman Taylor, of Amsterdam, N. Y., for Mohawk Carpet Mills, Inc., and Howard Shuttleworth.

Thurlow Gordon, of New York City, for Bigelow-Sanford Carpet Co., Inc., and John A. Sweetser.

Wallace, Philbin & Sypher, of New York City, for Charles P. Cochrane Co. and Peter P. Hagan.

C. de W. Van Siclen, of New York City, for C. H. Masland & Sons, Inc., and Frank E. Masland.

Arthur E. Pettit, of New York City, for Alexander Smith & Sons Carpet Co. and William D. Gardner.

Guy G. Gabrielson, of New York City, for Hightstown Rug Co. and Elmer J. Skahan.

Herbert Cone, of New York City, for Thomas L. Leedom Co. and Charles W. Wexler.

Hines, Rearick, Dorr & Hammond, of New York City, for Institute of Carpet Manufacturers of America, Inc., Hardwick & Magee Co., Archibald Holmes & Son, Magee Carpet Co., Philadelphia Carpet Co., Roxbury Carpet Co., Boyd Sharp, William Lyle Holmes, Jr., Harry L. Magee, Herbert E. Doerr, Albert S. Howe, and Herbert Gutterson.

HULBERT, District Judge.

This is an application for the entry of a consent decree.

The complaint which was filed on January 28, 1941, charges the defendants with combination and conspiracy in restraint of trade and commerce in rugs and carpets among the several states of the United States in violation of the provisions of the Sherman Anti-Trust Act, under the Act of Congress of July 2, 1890, c. 647, 26 Stat. 209, as amended, 15 U.S.C.A. §§ 1–7, 15 note, entitled "An act to protect trade and commerce against unlawful restraints and monopolies."

All of the defendants interposed answers by their respective attorneys and have stipulated in writing to the entry of a final

decree without any findings of fact "upon condition that neither such consent nor this decree shall be, or be considered, evidence or any admission or adjudication that such defendant has violated or is now violating any statute."

It is, of course, not only conceivable, but apparent, that the institution of this action, and the proceedings thereafter taken, were the result of an understanding reached between the parties.

The Attorney General brought the matter on for a public hearing through the medium of a press release.

Upon the argument the question was raised whether under Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, findings of fact could be dispensed with and whether relevant provisions of Section 383 of Title 28 U.S.C.A. have been complied with.

Rule 52, so far as pertinent, reads as follows: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

There has, of course, been no trial since no evidence was taken and the court had before it only the pleadings and the proposed decree.

▮ The apparent reason for the adoption of the Rule in question was so that an Appellate Court might be informed of the grounds for the decision rendered by the court from which appeal was taken.

"The rule is intended to aid the appellate court by affording a clear understanding of the basis of the decision of the trial court." Tulsa City Lines, Inc., v. Mains, 10 Cir., 107 F.2d 377, 382.

In Goodacre v. Panagopoulos, 72 App. D.C. 25, 110 F.2d 716, 718, it was said: "The District Court evidently failed to comply with the requirements of Rule 52 (a) that it 'find the facts specially and state separately its conclusions of law thereon.' It does not follow that we must reverse the judgment. Like its predecessor, Equity Rule 70½, Rule 52 (a) 'is intended to aid appellate courts by affording them a clear understanding of the basis of the decision below.' We have held that, when this clear understanding is afforded, the

judgment may stand although the rule is violated."

In Brown v. Metropolitan Life Insurance Co., 69 App.D.C. 233, 100 F.2d 98, 99. the Court said: "We held in Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108, decided January 10, 1938, that the purpose of the findings contemplated under Equity Rule 70½ of the Supreme Court, 28 U.S. C.A. following section 723 [28 U.S.C.A. § 723 Appendix], is to enable this court to ascertain the basis for the determination below, and where this court can readily understand the questions presented precise findings are not absolutely essential."

In the recent case of Lee v. Walworth Co., D.C. S.D. N.Y. Dec. 11, 1940, 1 F.R.D. 569, 571, my learned colleague Judge Goddard said: "You may not waive findings of fact. Any doubt about that would be very definitely eliminated by the Supreme Court decisions in the last year or two. The farthest we may go is to say that it is not necessary to have findings of fact and conclusions of law unless an appeal is not taken. If an appeal is taken there should be findings of fact and conclusions of law.

▮ It is elementary law that all of the defendants having consented to this decree, they are estopped from attacking it upon appeal.

In Swift & Co. v. United States, 276 U.S. 311, at page 323, 48 S.Ct. 311, at page 314, 72 L.Ed. 587, Mr. Justice Brandeis wrote: "The decree sought to be vacated was entered with the defendants' consent. Under the English practice a consent decree could not be set aside by appeal or bill of review, except in case of clerical error. Webb v. Webb, 3 Swanst. 658; Bradish v. Gee, 1 Amb. 229; Daniell, Chancery Practice (6th Am.Ed.) 973-974. In this Court a somewhat more liberal rule has prevailed. Decrees entered by consent have been reviewed upon appeal or bill of review where there was a claim of lack of actual consent to the decree as entered (Pacific R. Co. v. Ketchum, 101 U.S. 289, 295, 25 L.Ed. 932; White v. Joyce, 158 U.S. 128, 147, 15 S.Ct. 788, 39 L.Ed. 921); or of fraud in its procurement (Thompson v. Maxwell Land-Grant [& Railway] Co., 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539)."

In United States v. Swift & Co., 286 U.S. 106 at page 119, 52 S.Ct. 460, at page 464, 76 L.Ed. 999 (a subsequent appeal of the same case), Mr. Justice Cardozo expressed himself as follows: "There is need

to keep in mind steadily the limits of inquiry proper to the case before us. We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting."

Section 383 of Title 28 U.S.C.A. so far as material to the issue, reads: "Every order of injunction or restraining order shall set forth the reasons for the issuance of the same, * * *".

It is apparent from an examination of the complaint that the court has jurisdiction of the parties and of the subject matter and that the complaint states a cause of action against the defendants under Section 1 of the Sherman Act, 15 U.S.C.A. § 1.

If the decree were deemed to be reviewable, failure to state any reasons would not constitute reversible error. It is said in the case of Arkansas Railroad Comm. v. Chicago, R. I. & P. R. Co., 274 U.S. 597, 47 S.Ct. 724, 71 L.Ed. 1224, that a complete failure to state any reasons as required by that section did not of itself invalidate a decree of the District Court enjoining an order of the Arkansas State Railroad Commission. A failure to state or show supporting facts did not open a consent decree to attack in Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587.

If there be any one who may, and does take an appeal, the court reserves the right to take whatever steps may be necessary to make and file findings of fact and conclusions of law.