# Dora McDaniels, Appellee, v. Western & Southern Insurance Company, Appellant.

1. APPEAL AND ERROR—*presumption that objection to admission of evidence was properly overruled.* It will be assumed on appeal that an objection to the admission of a life insurance policy in evidence, that it was not the policy described in a bill of particulars, was properly overruled, where the bill of particulars is not in the record or abstract.

2. INSURANCE—*defense to action by beneficiary named in rider but not in policy.* In an action by the beneficiary named in a rider to a life insurance policy payable to the personal representative of the insured, the defense that there is no promise in the policy to pay the said beneficiary is not aided by a contention that the company will defend, when suit is brought by the administrator, on the ground the insured had cancer when the policy was issued, since such defense would also be available in the case at bar.

3. INSURANCE—*payment of industrial policy without administration.* It is the policy of the law, where possible, to enforce payment of industrial insurance policies, containing the usual facility clause, without the necessity of administration.

4. INSURANCE—*determination of person ''equitably entitled'' to payment of industrial policy.* In determining who is the person ''equitably entitled'' to receive payment of an industrial life insurance policy containing a facility clause permitting the company to pay any person appearing to it to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured, the insurer must be governed in making its choice by equitable principles approximating at least those recognized by the courts.

5. INSURANCE—*implied promise to pay beneficiary named in rider but not in policy.* The law implies a promise on the part of the insurer to pay the amount of an industrial life insurance policy to the beneficiary named in a rider, although there is no promise in the policy to pay said beneficiary, it appearing that the beneficiary was so designated with the knowledge and consent of the insurer, that the beneficiary paid the premium, and that a facility clause in the policy permitted the insurer to pay any person equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

Whitnel & Browning, for appellant.

G. C. Borders, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant issued an industrial policy of insurance upon the life of appellee's aunt for the sum of $165. Appellee caused her aunt to make application for the insurance and paid all of the premiums until the death of the insured. The policy was issued on July 6, 1925, and the insured died August 31, 1925. This suit was begun before a justice of the peace on September 7, 1926, more than a year after the death of the insured.

The policy provides that, in consideration of the payment of the weekly premium during the continuance of the policy, appellant will pay upon receipt of satisfactory proof of death of the insured, made upon blanks furnished by the company, and the surrender of the policy and receipt book, the amount of insurance stipulated. It contains a facility clause as follows: "The Company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured, or for the insured's burial; and the production by the Company of a receipt signed by any or either of said persons, or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this policy have been fully satisfied."

Printed on the policy is the following: "Important Notice: If a claim arises under this policy, claimant should personally call at the District or Branch Office

524 Appellate Courts of Illinois.

McDaniels v. Western & Southern Ins. Co., 247 Ill. App. 522.

of the Company designated on the premium receipt-book and there give notice of the claim, deliver the policy and premium receipt-book only to the Company's representative. The Company pays all proper claims immediately on receipt of satisfactory proof of death at its Home Office, and there is no necessity for help in collecting nor for the preparation of claim papers. Time and money will always be saved by dealing direct with the Company through its authorized representatives."

Upon the issuance of the policy it was delivered to appellee with a receipt book by the agent of appellant who took the application. A few days after the delivery of the policy the same agent procured from the superintendent of appellant a blank rider to be attached to the policy in question. He then and there told the superintendent that the said rider was to be attached to the policy in question. The agent took the rider to the insured, procured her signature thereto and witnessed the same and delivered it to appellee. The rider is a printed form addressed to appellant and reads as follows: "The undersigned, insured under policy No. 6,112,228 in the above Company, hereby authorizes the said Company to pay the amount of insurance due under said policy to Dora McDaniels, my niece. It is agreed that this authorization is not to vary in any way or alter the terms and conditions contained in said policy, especially the 'Facility of payment,' provision therein." (The Facility of Payment clause as hereinabove quoted is then set out in full.) The rider was signed by the insured and witnessed by appellant's agent. Below the signatures is the following printed statement: "This form is to be retained by the policy holder and attached to the within mentioned policy. Do not return this form to Home Office, except when claim is made on the policy."

The record discloses that appellant moved the court for a rule on appellee to file a bill of particulars, but there is no showing as to the ruling of the court thereon. Presumably a bill of particulars was filed. When appellee offered in evidence the policy and the rider thereto attached the only objection made by appellant was that it was not the policy described in the bill (evidently referring to the bill of particulars). The bill of particulars is not in the record or the abstract and for that reason we must conclude that the objection was properly overruled. Appellant offered no evidence tending in any way to prove a defense. At the conclusion of all the evidence appellant moved the court to direct a verdict in its favor. The motion was denied and instruction refused, to which ruling of the court appellant then and there excepted. Thereupon appellee moved for a directed verdict for $165 and the motion was allowed and the jury so instructed. To the ruling of the court in that regard no exception was taken by appellant.

Appellant, therefore, is in the position of having acquiesced in the action of the court in directing a verdict in favor of appellee. In this state of the record we think it is very doubtful, to say the least, if appellant is in a position to question the ruling of the court in refusing to direct a verdict in its favor. We think it unnecessary, however, to determine that question.

Under the undisputed evidence in the record it is quite apparent that the insured fully intended that appellee should have the proceeds of this policy. While appellee was not named as beneficiary in the application or the policy, yet appellant's superintendent furnished its agent with a blank rider knowing that it was to be filled out by the insured and attached to the policy. Up to the time the rider was delivered to appellee she had paid the premiums on the policy and continued to do so until the death of the insured.

Appellee was clearly designated by the insured as the beneficiary and this was done with the knowledge and consent of appellant. Upon the death of the insured appellee promptly furnished the necessary proof of death. She held the policy and the receipt book. She was not only the designated beneficiary, but she was a person equitably entitled to payment of the insurance by reason of having incurred expense or obligation on behalf of the insured.

Appellant insists that there is no promise in the policy to pay appellee and by reason thereof she cannot recover. The contention is that appellant did not contract to pay anyone other than the personal representative. Appellant contracted that it would pay the amount of the insurance upon receipt of satisfactory proof of death of the insured made upon blanks furnished by the company and upon surrender of the policy and receipt book. The important notice indorsed upon the policy informed appellee that if a claim arose upon the policy she should call at the office of appellant and give notice of the claim and deliver the policy and premium receipt book only to the company's representative. It also informed her that the company paid all proper claims immediately on receipt of satisfactory proofs of death. The blank rider informed her that the same was to be retained and attached to the policy and told her not to return it to the home office except when claim was made on the policy.

No suggestion is made by appellant to the effect that appellee failed to give proper notice and proof of death. After she had done so appellant refused to pay and about a year later she filed this suit. There is no pretense that appellant has exercised its option under the "Facility" clause. It has now held the insurance money more than two years after it was due. Its only contention is that it did not promise to pay appellee and that the cause of action is in the ad-

ministrator of the insured. There is no showing that the insured had any estate or property whatsoever aside from this insurance. Appellant suggests in argument that when a suit is brought by the administrator it will then defend on the ground that the insured had a cancer at the time the policy was issued. We know of no reason why appellant could not have made that defense in the case at bar if there is any basis for it. The suggestions of appellant come with poor grace after such a lapse of time. It should be the policy of the law, where possible, to enforce such policies of insurance without the necessity of administration, *Wallace v. Prudential Ins. Co.*, 157 N. Y. S. 1028. "The company should have no right to select a beneficiary, particularly if it contravenes the expressed wish of the insured. The option contained in the policy should be exercised by the company only where the insured has failed to make a choice." *Foryciarz v. Prudential Ins. Co. of America*, 95 Misc. 306, 158 N. Y. S. 834. Where a beneficiary was named in the policy but there was no promise to pay him and there was the usual facility clause, the assignee of the named beneficiary was allowed to recover where the insurer had not paid anyone. *Williams v. Metropolitan Life Ins. Co.* (Mo.), 233 S. W. 248.

In permitting the insurer to elect to whom it shall pay, the courts will require, not only good faith on the part of the insurer, but the exercise of sound judgment in making payment to the proper claimant, in order that no great injustice shall be done to the estate of the decedent and to those having legitimate claims. No freedom of arbitrary or capricious choice is given the insurer, nor license to act carelessly and without proper inquiry into the facts. In determining who is the person "equitably entitled" to receive payment, the insurer must be governed in making its choice by equitable principles approximating at least those rec-

ognized by the courts. *Zornow v. Prudential Ins. Co.,* 210 App. Div. 339, 206 N. Y. S. 92.

In the case at bar, we are of the opinion that the law implies a promise on the part of appellant to pay appellee the amount of the policy in question. The court did not err in refusing to direct a verdict in favor of appellant and the judgment is affirmed.

*Affirmed.*