## Clyde Greer, Appellee, v. Washington Fidelity National Insurance Company, Appellant.

Heard in this court at the May term, 1930. Opinion filed September 22, 1930. Rehearing denied October 28, 1930.

RAYMOND J. WETTERLUND, KRAMER, KRAMER & CAMP-
BELL and ROLAND H. WIECHERT, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE FULTON delivered the opinion of the
court.

Appellee secured a judgment against appellant in
the City Court of East St. Louis, on an industrial
policy issued on the life of Jennie Greer for the sum of
$438, from which judgment appellant prosecutes this
appeal.

The policy is the usual industrial policy and is set up
in the declaration of appellee. It provides that in con-
sideration of weekly premiums during the continuance
of the policy, the appellant will pay, upon satisfactory
proofs of the death of insured made upon blanks fur-
nished by the company, and the surrender of the policy
and receipt book, the amount of the insurance stipu-
lated to the executor or administrator of the insured,
unless payment be made under next clause.

The policy then contains the clause designated "Fa-
cility of Payment Clause" as follows:

"The Company may make any payment or grant any
nonforfeiture privilege provided herein to the insured,
husband or wife, or any relative by blood or connection
by marriage of the insured, or to any other person
appearing to said Company to be equitably entitled to
the same by reason of having incurred expense on
behalf of the insured, or for his or her burial; and the
production of a receipt signed by any one of said
persons, or of other proof of such payment or grant
of such privilege to any of them, shall be conclusive
evidence that all claims under this policy have been
satisfied."

Immediately following this clause appears a schedule
giving policy numbers, name and age of insured,
amount of weekly premium, and also the following

statement: "Insured requests that in the event of death the proceeds to be paid to Clyde Greer."

Appellee took out this insurance on his brother, Jennie Greer, and paid the premiums thereon from the date of the policy, May 27, 1929, to July 24, 1929, the date Jennie Greer died.

Appellant demurred to the declaration on the ground that appelle had no right to maintain this action, as he was not designated as beneficiary, and appellant had not exercised its option to pay him under the Facilities Clause. The demurrer was overruled, and a plea setting up same grounds of defense was stricken.

The same question is urged in this court by appellant. A similar case was considered by this court, entitled *McDaniels v. Western and Southern Ins. Co.*, 247 Ill. App. 522, and later presented to the Supreme Court on certiorari. The case is reported in 332 Ill. 603. Appellee attempts to distinguish that case from the case at bar, but to our mind the form of the policy is the same; the contract to pay the personal representative of the decedent is the same; the "Facilities of Payment Clause" is the same; and the obligation to pay appellee under the "Facilities Clause" was optional with the appellant.

There is no evidence that the company ever exercised its option for benefit of appellee and since he was not designated as beneficiary in the policy he is not entitled to bring suit in his name. What is said in the *McDaniels* case about payment of premiums, the failure to exercise option by the company and the right to sue, applies exactly to the situation in this case.

It was error, therefore, to overrule the demurrer of the appellant and to refuse to instruct the jury to return a verdict for the defendant.

The judgment of the city court of East St. Louis is reversed.

*Judgment reversed.*