In the Matter of the Estate of
VAN BUREN HOOPER, SR., Deceased
GOVERNMENT OF THE VIRGIN ISLANDS,
A Claimant, Appellant

No. 17599

United States Court of Appeals

Third Circuit

Argued January 29, 1970

Decided June 1, 1970

PETER J. O'DEA, ESQ., First Assistant Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

WARREN H. YOUNG, ESQ. (YOUNG, ISHERWOOD, GIBBS & CARNEY), Christiansted, St. Croix, Virgin Islands, *for appellee*

JAMES W. ASHLEY, ESQ. (MCDERMOTT, WILL & EMERY), Chicago, Illinois, *for appellee*

Before HASTIE, *Chief Judge*, GANEY and STAHL,* *Circuit Judges*

OPINION OF THE COURT

GANEY, *Circuit Judge*

This is an appeal by the Government of the Virgin Islands from an order of the District Court thereof (1) approving the final account of the executor, (2) approving the offer received by the executor from Ideals Publishing Co. to redeem 5,100 shares of Ideals common stock, the

---

* Judge Stahl participated in the hearing and decision of this case but died before the opinion of the court was filed.

principal assets of the estate, at $110.00 per share, and (3) denying the petition of the Government of the Virgin Islands for an order to stay all probate proceedings concerning the commencement of suit in Wisconsin to attack the issuance of Ideal's issuance of preferred stock in 1964. Additionally, the court ordered the cause back to the District Court Commissioner for the entry of a final adjudication and an order for distribution.

One Van Buren Hooper died on February 28, 1963, leaving a will in which he named the Marine National Exchange Bank of Milwaukee, Wisconsin, executor. The government filed a claim against the estate seeking recovery of $1,003,932.80, for the return of that sum paid by it to decedent as an industrial subsidy. The claim was denied by the District Court of the Virgin Islands, and on appeal this court reversed the decision and directed the allowance of the claim. Except for the government's claim, all creditors of the estate have been paid.

In the will of Van Buren Hooper, Sr., he directed his executor to assign to his wife, Lorayne S. Hooper, an irrevocable ten-year proxy to vote all of his stock in the Ideals Publishing Co., the purpose thereof being to maintain family control of the company. This gave to Lorayne Hooper 5,100 shares of the Ideals stock, but during the ten-year period following his death it was possible that the stock might pass under the proxy to Van Buren Hooper, Jr., who would then gain control of the company. It was the intention of all concerned that Van B. Hooper, Jr., should never be in control of the company as he had been voted out of the presidency of the company for his inattention to its business affairs. Accordingly, on August 28, 1964, the Ideals Board of Directors, of which Mrs. Hooper was a member, voted to sell 10,000 preferred shares of Ideals stock with voting power to her, for which she paid $10,000.00. This was done in pursuance of a res-

olution by the shareholders providing for the issuance of the same and was purposely accomplished, as indicated, to prevent Van B. Hooper, Jr., from regaining control of the Ideals Company during the term of the proxy.

In order to liquidate the 5,100 shares of Ideals stock held by the estate, both the executor and the government agreed to a private sale of the stock and bids were sent to a number of prospective interested bidders. The only bid received before the deadline set, was that of the Ideals Publishing Co. for $561,000.00, which value amounted to $110.00 per share. The District Court Commissioner approved the bid and on appeal to the district court, for the first time one Blase J. Zuelke submitted an offer for $1,000,000.00 for the 5,100 shares, which offer was not submitted in writing and, further, Zuelke would not identify the bidders and the offer was conditioned on the "preferred stock being dissolved as a voting stock." At a further hearing on September 16, 1968, Mr. Zuelke submitted a bid not for $1,000,000.00, but for $813,000.00, but it was not accompanied by 10% earnest money, and was further conditioned that the stock of Ideals be transferred to the government and the government required to institute suit in the State of Wisconsin, the principal office of the company, to void the preferred stock issue of Ideals and the ultimate purchase be conditioned on the voiding of the preferred stock in that suit. Since the estate's principal assets for the payment of the government's claim of $1,003,932.80 is 5,100 shares of Ideals Publishing Co. common stock, the value of these shares is the substance of this appeal, as the court approved the sale of the 5,100 shares at $110.00 per share.

It is clear that there never was any valid offer before the court other than that made by the Ideals Company for $110.00 per share and the only evidence of value before the court was that amount. Whoever sells the majority

block of stock of a corporation has the duty to it and the shareholders to fully identify the purchaser in order to discover his background and the use to which the control stock is to be put in its management. Insuranshares Corp. v. Northern Fiscal Corp., 35 F.Supp. 22 (E.D. Pa. 1940); The Sale of Controlling Shares, 70 Harv. L. Rev. 986 (1947).

A review of the record shows that Lorayne Hooper, in voting the 5,100 shares of Ideals common stock in favor of the issuance of the preferred stock, acted in conformity with her fiduciary duty as a proxy[1] and at the time of the issuance thereof no consideration was given to its being used as a means of defeating or reducing the judgment which the government had held against the estate for at that time the estate was solvent and the claim of the government had not been sustained.

We see no merit in the contention of the government that an action should be maintained in the State of Wisconsin, the corporation's principal office, and commence a suit for the purpose of setting aside the issuance of voting preferred stock by virtue of the reason advanced by the Government that the decedent's wife in voting said shares in favor of a resolution creating an issue of 10,000 shares of voting preferred stock was inequitable and improper. As we have indicated, the issuance of preferred stock was in conformity with her fiduciary duty and is only advanced by the government to open a way for the sale of the stock at the bid made by Zuelke which, as set forth above, was not a valid bid.

Further complaint is made by the government that no stated separate findings of fact were made herein, but

---

[1] "(3) A shareholder may vote either in person or by proxy appointed in writing by the shareholder, or by his duly authorized attorney in fact. No proxy shall be valid after eleven months from the date of its execution unless otherwise provided in the proxy." § 180.25 Wis. Stat. Ann.

when such findings are incorporated in the court's opinion, as here, they are adequate. Since a full understanding of the question presented could be gained in spite of the absence of specific findings of fact, this court should not reverse and remand therefor. Shellman v. Shellman, 95 F.2d 108 (D.C. Cir. 1938); McGee v. Nee, 113 F.2d 543; In Re Imperial Irrigation District, 38 F.Supp. 770–772. Here, the dispute only concerns the question of whether the proposed redemption of stock by Ideals Company at $110.00 per share is proper and a complete understanding of the factual context of this appeal negates the necessity of a remand for findings of fact.

The order of the lower court approving the final account and the termination of these proceedings will be affirmed.