**CONTINENTAL MOVERS, INC.,** Plaintiff-Appellant

v.

**ROTH MAWHOOD and M. MAWHOOD,** Defendants-Appellees

Civil No. 135-1972

District Court of the Virgin Islands

Div. of St. Croix

September 25, 1973

BRYANT, COSTELLO & BURKE, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND JUDGMENT

■ Plaintiff-appellant (herein, Continental) is a corporation engaged in the moving business. It contracted with defendants-appellees (herein, the Mawhoods) to move furniture and personal belongings of the latter to a new residence. When it was discovered that the old occupants of this residence had not yet vacated, the Mawhoods' property was removed to storage. Later, when the parties were unable to agree on the reasonable additional costs of the storage, Continental withheld a part of the property until its full claim should be satisfied, and eventually initiated this lawsuit. Meanwhile, the property remaining in storage was wrongfully levied upon by Marshals of the Municipal Court and damaged or destroyed in their custody. Claiming breach of Continental's duties as bailee, the Mawhoods counterclaimed for the value of their destroyed or damaged property.

In a long and scholarly Memorandum Opinion, Judge Joseph awarded Continental $250 for moving expenses and $75.17 for storage expenses for a total of $325.17. Additionally, he found that Continental had breached its duty as bailee but that its liability was limited by contract to $375.00 for the loss of the Mawhoods' property. Finally, in his discretion, Judge Joseph awarded the Mawhoods $1,000 in punitive damages. Continental has appealed from all three awards and in addition from the denial of its motion for a new trial.

I have given the record of the case and the briefs of the parties my careful attention. Contrary to appellant's contentions, I believe that Judge Joseph's findings of fact under Rule 52(a) are sufficiently clear and specific. See Estate of Hooper, 7 V.I. 511 (3d Cir. 1971). Nor can I say that his findings are "clearly erroneous" under Rule 52(a). Various arguments are made against the figures of $375.00 and $325.17 awarded. However, I find that these figures were correctly, and indeed ingeniously, arrived at. In addition, I further find no abuse of the Court's discretion in denying Continental's motion for a new trial.

■ However, when I come to the award of punitive damages, I must find that the trial judge has erred. Courts have traditionally disfavored punitive or exemplary damages and may only award them when one "acts with actual malice (in the sense of ill will) or conscious disregard of consequences to others." Kelite Prods. v. Binzel, 224 F.2d 131, 143–144 (5th Cir. 1955); accord Skeels v. Universal C.I.T. Credit Corp., 335 F.2d 846 (3d Cir. 1964). While Continental's conduct of its duties as bailee was unsatisfactory, and perhaps even grossly negligent, I find no support in the record for any finding of malice or a conscious disregard of consequences. Good faith alone is sufficient to rule out the award of punitive damages. J & J Lumber Co. v. Oregon Fir Lumber Co., 776 P.2d 394 (Sup. Ct. Ore. 1954). And indeed, in his Opinion (at 12) Judge Joseph refers to "[Continental's] uncontradicted good faith belief and mistaken conception of the law under the unusual circumstances which occurred. . . ."

### JUDGMENT

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that the judgment of the Municipal Court be

AFFIRMED, as modified above, with each party to bear its own costs of appeal.