**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2883
_____

DENIS F. SHEILS, on behalf of himself
and on behalf of M.D.S., a minor child,

Appellant

v.

PENNSBURY SCHOOL DISTRICT
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:14-cv-02736)
District Judge: Honorable Petrese B. Tucker
_____

Argued October 1, 2014
_____

Before: AMBRO, CHAGARES, and VANASKIE, *Circuit Judges*.

(Opinion Filed: October 23, 2014)

Denis F. Sheils, Esq. [ARGUED]
Kohn, Swift & Graf
One South Broad Street
Suite 2100
Philadelphia, PA 19107
        *Pro Se Appellant*

Thomas C. Warner, Esq. [ARGUED]
Jonathan P. Riba, Esq.
Sweet, Stevens, Katz & Williams

331 East Butler Avenue
P.O. Box 5069
New Britain, PA 18901
        *Counsel for Appellee*

_____

OPINION

_____

VANASKIE, *Circuit Judge*.

Denis F. Sheils ("Sheils") appeals the District Court's order denying his request to stay implementation of an Individualized Education Program ("IEP") and issuance of a Functional Behavior Assessment ("FBA") developed for his son, M.D.S., and approved by Appellee Pennsbury School District (the "School District") and Sheils's ex-wife, Harriet Sheils ("Harriet"). Sheils seeks to stay implementation of the IEP and issuance of the FBA while he challenges both pursuant to the judicial review provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*[1] Sheils's request for a stay was sought under the IDEA's "stay put" provision, found at 20 U.S.C. § 1415(j).[2] Because the District Court denied the requested stay without making the findings required by Fed. R. Civ. P. 52(a)(2), we will vacate the District Court's order and remand this matter for further proceedings. This Court's previously issued stay will

[1] On June 24, 2014, we granted Sheils's request to stay the implementation of both the IEP and the FBA pending the outcome of this appeal, and we also expedited the disposition of this appeal.

[2] Section 1415(j), in pertinent part, provides that, during the pendency of judicial review of an IEP, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child. . . ."

2

remain in effect until the District Court issues an order granting or denying Sheils's request for a stay pursuant to § 1415(j).

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

This litigation is part of a contentious child-custody dispute between Sheils, a licensed attorney, and Harriet. In the briefing for this appeal, in which Harriet is not a participant, Sheils spews forth a jeremiad of the disagreements he has had with his ex-wife over the care of not only M.D.S., but also their other two minor children.[3] In this appeal, the parents' disagreement concerns the educational needs of their son, M.D.S., and it is that issue alone that we address.

There is no dispute that M.D.S., now 12 years old, has learning and behavioral issues that warrant an IEP under the IDEA. In particular, he has exhibited learning disabilities in reading and listening comprehension and has shown socially inappropriate behaviors. To address these issues, there has been an IEP in place for M.D.S. since kindergarten.

M.D.S. commenced his first year of middle school in the fall of 2013 in the School District under an IEP that provided for him to be in regular classes 94% of the time.

---

[3] The parents share legal custody of their children, but Harriet has primary physical custody. Sheils has made it clear that he is not satisfied with that arrangement. This case, however, is not the appropriate forum for airing grievances pertaining to Sheils's disagreement with the fact that Harriet has primary physical custody of the children. Sheils is admonished to refrain from such diatribes in the future in this case as they are completely irrelevant and highly distasteful.

Early in that school year, however, his special-education and language-arts teachers voiced concerns about M.D.S.'s progress. Testing showed that he was reading at a level markedly below his sixth-grade class. For example, while M.D.S. was in regular sixth-grade classes, his reading comprehension was below the first-grade level. In addition, he was exhibiting behavioral problems. To address these issues, the School District revised the IEP for M.D.S. to provide specialized instruction outside the normal classroom setting and proposed that an FBA be conducted. Harriet agreed to the revised IEP and FBA, but Sheils objected.

As a consequence of Sheils's objections, the matter proceeded to a due process hearing before a Special Education Hearing Officer. After five days of hearings, the Hearing Officer issued a written report in which he sustained Sheils's objections insofar as mathematics instruction was concerned, but overruled his objections with respect to language-arts instruction (reading and writing) and the FBA. Under the Hearing Officer's decision, M.D.S. would receive reading and writing instruction "in a resource room environment," but mathematics instruction "in a co-taught inclusive regular education classroom with appropriate supplemental aids and services."[4] (App. at 14.)

Dissatisfied with this result, Sheils filed this action in the District Court and immediately petitioned for a preliminary injunction under § 1415(j) of the IDEA. Specifically, he sought to prevent the School District from implementing the revised IEP

---

[4] The School District represents that M.D.S. would be in a regular education classroom setting 4.3 hours out of a 6,75-hour school day, or 64% of a normal school day. (Appellee's Brief at 17, n.15.)

4

and conducting the FBA. Along with his complaint, Sheils filed a motion for interim injunctive relief pursuant to the IDEA's "stay put" provision. If issued, this type of stay would maintain the "educational status quo until the disagreement over [M.D.S.'s] IEP is resolved." *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 118 (3d Cir. 2014) The District Court denied Sheils's petition, but did not make any findings of fact or conclusions of law in its written order.[5] Sheils now appeals that order.

II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A). We have appellate jurisdiction under 28 U.S.C. § 1291(a)(1).

The "stay put" provision of the IDEA "serves 'in essence, as an automatic preliminary injunction.'" *M.R.*, 744 F.3d at 118 (quoting *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 (3d Cir. 1996)). In considering decisions on a preliminary injunction request, "[w]e review the District Court's findings of fact for clear error. Legal conclusions are assessed de novo. The ultimate decision to grant or deny the injunction is reviewed for abuse of discretion." *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710

---

[5] The District Court's order reads:

> AND NOW, this ___ day of May, 2014, upon consideration of Plaintiff's Application for Order to Show Cause Re: Entry of Stay Pending Appeal, Preliminary Injunction and Temporary Restraining Order (Doc. 2), Defendant's Response in Opposition thereto (Doc. 7), and the hearing on the matter held on May 21, 2014, **IT IS HEREBY ORDERED AND DECREED** that the Plaintiff's Application is **DENIED**.

(App. at 20.)

F.3d 99, 105 (3d Cir. 2013) (citing *Sypniewski v. Warren Hills Regional Bd. of Educ.*, 307 F.3d 243, 252 (3d Cir. 2002)).  Our review of decisions granting or denying preliminary injunctive relief is to be facilitated by Rule 52(a)(2) of the Federal Rules of Civil Procedure, which requires that the District Court make findings of fact and conclusions of law supporting its action.  *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 353 F.2d 510, 511 (3d Cir. 1965).

In this case, the District Court did not articulate any findings of fact or conclusions of law.  Its single-sentence order merely referenced the parties' filings, noted that there was a hearing, and summarily denied the petition.  The order does not meet Rule 52(a)(2)'s requirements.  Under these circumstances, remand is appropriate.  *See F.T.C. v. British Oxygen Co.*, 529 F.2d 196, 200 (3d Cir. 1976) (where, as here, a reviewing court is unable to determine the grounds for the District Court's action, remand is warranted).

On remand, the District Court should address the question of whether a single parent's consent to an IEP is sufficient to enable a school district to implement the IEP notwithstanding the other parent's objection.  Sheils argues that one parent is able to block implementation of an IEP during the pendency of litigation because § 1415(j) provides that, "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the *parents* otherwise agree, the child shall remain in the then-current educational placement of the child  . . . until all such proceedings have been completed." 20 U.S.C. § 1415(j) (emphasis added).  Sheils contends that use of the plural form of parent signifies that either parent can invoke the

6

"stay put" provision. The School District, on the other hand, argues that the appropriate interim IEP placement is the one agreed to by the School District and either parent. At oral argument, the parties suggested that the child-custody order may be relevant to resolving this issue, but that order was not properly presented to us. The District Court should resolve the dispute concerning one parent's right to invoke the "stay put" provision over the other parent's objection in the first instance.

Further, the District Court must also decide whether the proposed FBA constitutes part of M.D.S.'s "then-current educational placement" and is therefore encompassed by the "stay put" provision. *M.R.*, 744 F.3d at 118. The School District asserts that the FBA is not part of the student's "then-current educational placement," 20 U.S.C. § 1415(j), and thus is not subject to the "stay put" provision. Sheils takes the contrary position. This dispute as well should be resolved in the first instance by the District Court.

IV.

For the foregoing reasons, we will vacate the District Court's order and remand this matter for further proceedings consistent with this opinion. As noted above, this Court's stay will remain intact until the District Court issues an appropriate order as to Sheils's petition for a preliminary injunction pursuant to the IDEA's "stay put" provision.